392 So.2d 1017 (1981)
Vincent N. VAN NESS, Jr., and Donnie Van Ness, Appellants,
v.
INDEPENDENT CONSTRUCTION COMPANY et al., Appellees.
No. 79-407.
District Court of Appeal of Florida, Fifth District.
January 28, 1981.
Rehearing Denied March 9, 1981.
*1018 Marcia K. Lippincott, Sanford, and Roy B. Dalton, Jr., of Dean, Ringers, Morgan & Lawton, Orlando, for appellants.
J. Lester Kaney of Cobb, Cole, McCoy, Abraham, Bell, Bond, Monaco & Kaney, Daytona Beach, for appellee Sears.
ORFINGER, Judge.
This appeal is from a summary final judgment entered in favor of Sears, Roebuck & Company (Sears), one of the defendants below. We affirm.
The record reveals that Sears contracted with Independent Construction Company (Independent) to build a Sears store in Daytona Beach. Independent sub-contracted with the James Wilson Company to perform a portion of the construction. Appellant Vincent N. Van Ness, Jr. was employed by James Wilson as a worker on the project. While at work, a scaffolding upon which Van Ness was standing collapsed and a wall partially or totally fell on him, causing serious injuries. It appears that the wall fell because Independent did not follow the plans and tie the walls of the building with a continuous beam or bond. The complaint charged that Sears was (1) negligent in failing to provide Van Ness with reasonably safe working conditions; (2) negligent in failing to provide reasonably safe and proper supervision of the construction of the building.
The building was a duplicate of one previously designed for Sears and built elsewhere and the basic drawings and specifications prepared for the first building were also used for this one. The contract between Sears and Independent was for a fixed contract price and required Independent, as general contractor, to provide all materials and perform all the design and construction work shown on the plans and specifications previously drawn by the Atlanta architectural firm of Cooper, Carry & Associates, Inc.
Sears did not retain the architectural firm which had originally designed the building to do any work on this one. Instead, the contract required Independent to retain an architect to make design changes and other alterations needed to meet local building codes. Consequently, a provision of the standard contract relating to supervision, reading:

ARTICLE 2  DIRECTION OF THE WORK:
The work included in this contract is to be done under the direction of said Architects, or their representatives, and their decision as to the true construction and meaning of said plans and specifications shall be final and binding upon the General Contractor and upon the Owner.
was footnoted as follows:
Any reference to Architect in this standard construction agreement form shall be changed to Owner or Owner's representative for the purpose of approval, acceptance or direction.
Appellant contends that by virtue of the foregoing footnoted change, Sears retained control of the work and was an active participant in the construction to the extent that it directly influenced or had the right to influence the manner in which the work was performed. The trial court found that the record revealed, without contradiction, that Sears was a passive non-participant and did not actively participate in the construction to the extent that it directly influenced the manner in which the work was performed, and entered a final summary judgment in favor of Sears, which is the subject of this appeal.
The record is clear that Sears did little, if anything to supervise the work. One of appellant's points on appeal contends that if Sears had actually supervised the job, it *1019 would have discovered the absence of the required tie-beam, so its failure to do so is evidence of negligence sufficient to create an issue of fact. Consequently, appellant relies on the recited contract provision to show that Sears, by substituting itself for the architect had the legal right to control the job, irrespective of its actual exercise of the right. Apparently the trial judge did not read the contract to give Sears that right, nor do we. Made a part of the contract are printed "General Conditions of the Contract of Construction", AIA Document A 201. It is clear that the supervisory function of the architect contemplates the duty to see to it that the owner gets what he contracted for. There is nothing in the contract or the general conditions which gives the architect the right to control the work. On the contrary, the general conditions clearly recite that the contractor "shall be solely responsible for all construction means, methods, techniques, sequences and procedures and for coordinating all portions of the work under the contract."[1]
As a general rule, one who hires an independent contractor is not liable for injuries sustained by that contractor's employees in their work. Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976), cert. denied 344 So.2d 323 (1977). In Conklin v. Cohen, 287 So.2d 56 (Fla. 1973), the Supreme Court reversed the district court of appeal which had held that the owner was protected under the independent contractor's umbrella of immunity provided by the worker's compensation law. The Supreme Court there held that the compensation law did not determine the owner's immunity in such case, because the owner was under no duty to secure compensation for the contractor's employee, nor did the owner there qualify as a "contractor" or "statutory employer". Instead,
the owner may be held liable if he has been actively participating in the construction to the extent that he directly influences the manner in which the work is performed. Conversely, if the owner is a passive nonparticipant, exercising no direct control over the project, he cannot be held liable. To impose liability upon an owner who is not an employer as defined by the statute, one or more specific identifiable acts of negligence, i.e., acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the employee, must be established.
287 So.2d at 60. Appellant's contention that Sears retained control of the work is based on the uncontradicted showing that Sears did not hire an architect to supervise the construction, and the language of the contract which substituted Sears for the architect "for the purpose of approval, acceptance or direction." There is nothing in the contract which requires Sears to hire an architect to supervise the construction, and appellant directs us to no such requirement outside of the contract. An owner has the right to inspect the work of an independent contractor to determine that the work conforms to the contract and to reject unsatisfactory work and demand that it be made satisfactory. Reservation of this right, whether through an architect or by the owner, is not a usurpation of control and does not change an owner from a passive non-participant to an active participant in construction. To impose liability on the owner for retention of control over an independent contractor, there must be such right of supervision or direction that the contractor is not entirely free to do the work his own way. Restatement of Torts (Second), section 414, comment (c).
Here the record is clear that Sears extended virtually no supervision to the construction. In fact, appellant relies on this very lack of supervision as the basis for the assertion that Sears was negligent, but appellant has failed to demonstrate either a *1020 contractual or a common-law duty on the part of Sears to supervise the construction.
But, says appellant, since Sears personnel did visit the site occasionally, it is possible that they did issue an order or make a suggestion which directly influenced the manner in which the work was performed. The Sears supervisors testified without contradiction that they neither directed nor supervised the work of the contractor, and the contractor's job superintendent agreed and also testified that he would not have responded to any directions from them. Thus appellant's contention of a possibility of interference is speculative and is not sufficient to create a factual issue. This principle is not altered by any showing that the contractor was behind schedule and the owner was insisting that the building be completed on time. When the party moving for a summary judgment makes a prima facie showing of the absence of any issues of fact, the non-moving party then has the burden of coming forth with some factual showing that an issue does exist, failing which a summary judgment is proper. Landers v. Milton, 370 So.2d 368 (Fla. 1979).
Appellant having failed to demonstrate error, the judgment appealed from is AFFIRMED.
DAUKSCH, C.J., and EVANS, VERNON, W., Associate Judge, concur.
NOTES
[1] Cf. State ex rel. Auchter Co. v. Luckie, 145 So.2d 239 (Fla. 1st DCA), cert. denied, 148 So.2d 278 (1962), where the owner, although a licensed construction company built the building on its own property to be later leased to a tenant and was actively engaged in the project as owner, was not entitled to immunity from suit for negligence by employee of a "sub-contractor".