WENTWORTH, Judge.
Appellants seek review of a summary final judgment denying their claim for damages. We find that the undisputed material facts establish that appellees the City of Perry and its project representative are not liable for injuries sustained by the employee of an independent contractor. We therefore affirm the order appealed.
Appellants David Hewett and his spouse filed an action alleging that Hewett was injured while employed by Columbia Paving Company, in the course of work contracted by the City of Perry. Documentary evidence and depositions were submitted to the court, establishing that Columbia Paving had contracted with the city pursuant to a federal grant to install sewer lines and construct a paved roadway with drainage improvements. Hewett was a laborer for Columbia Paving, and was laying pipe in an excavated trench when a cave-in occurred, partially burying him.
The testimony of various individuals suggested that Columbia Paving was rushing the project because of time constraints imposed under the contractual agreement, and unexpected problems with underground utility lines had delayed the work. The project manual, pursuant to which the work was contracted, provided that the contractor shall anticipate and be responsible for underground obstructions such as utility lines, even when not marked on the plans. It further provided that the contractor is generally not required to move such lines. The city had helped locate and, when necessary, move underground gas lines on the project.
Hewett’s injury was described as occurring while he was in a trench attempting to place a pipe underneath a gas line. Personnel from Columbia Paving acknowledged that safety precautions, such as protective shoring of the trench, had not been taken despite prior cave-ins. The explanation was that the gas line and other spatial *953 limitations within the trench made shoring difficult.
Noonan, the city manager, occasionally visited the job site. Additionally, the city engaged one Alvarez, as project representative who acted as an on-site inspector. Alvarez was required to certify the work as to its conformity to the engineers’ plans and specifications. Alvarez was not authorized to issue directives regarding construction technique unless required by the contract documents. The project manual for the work contracted by Columbia Paving specified that Columbia Paving was responsible, and would indemnify the city, for any injuries sustained due to the lack of adequate safety precautions.
Appellees moved for summary judgment, asserting that Columbia Paving was an independent contractor, and that they were not responsible for the safety of Columbia Paving’s employees. The court determined that no issues of material fact exist in this regard and, agreeing with appellees, granted the city’s and the project representative’s motions for summary judgment.
It is undisputed that Columbia Paving was an independent contractor, and ordinarily one who hires an independent contractor is not liable for injuries sustained by the contractor’s employees in their work. See e.g., Van Ness v. Indep. Constr. Co., 392 So.2d 1017 (Fla. 5th DCA 1981). However, liability may be incurred if there has been active participation and control which directly influence the manner in which the work is performed. See Conklin v. Cohen, 287 So.2d 56 (Fla.1973). If there is a genuine dispute as to the degree of such participation and control, summary judgment is inappropriate. See Padilla v. Gulf Power Co., 401 So.2d 1375 (Fla. 1st DCA 1981).
Appellants contend that the present ease involves factual issues as to whether the city discouraged safety precautions by placing time constraints on the project and otherwise exerted control over the work site, allowing dangerous conditions to exist. But the depositions and documentary evidence establish that Columbia Paving retained control over the manner in which the work was performed, while the city and its project representative merely monitored the work to insure compliance with the plans and contractual specifications. Such monitoring did not diminish Columbia Paving’s control as to the manner of the work, and does not render the city or its representative responsible for the safety of Columbia Paving’s employees. See Skow v. Dept. of Transportation, 468 So.2d 422 (Fla. 1st DCA 1985); Van Ness, supra. Even if the job was being rushed to meet the contractual deadline, Columbia Paving still retained full control as to the details of the work. Although delays may have occurred due to underground utility lines which the city moved when necessary, this circumstance does not render the city liable to Columbia Paving’s employees. As in Swartz v. Ford, Bacon & Davis Constr. Corp., 469 So.2d 232 (Fla. 1st DCA 1985), the contractual arrangement provided Columbia Paving with sole control as to the manner in which the work was performed, and no action by either the city or its project representative diminished this authority. Neither the city nor its project representative was responsible for the safety of Columbia Paving’s employees, and since there was no issue of material fact in this regard the court properly granted summary judgment.
The order appealed is affirmed.
ERVIN, J., concurs.
ZEHMER, J., concurs w/written opinion.