PER CURIAM.
Irma Gloris, plaintiff below, appeals a summary judgment against her. We affirm in part and reverse in part.
As a result of construction in appellant’s neighborhood, a segment of sidewalk, demarcated by barricades, had been removed. Appellant was familiar with the condition of the sidewalk, as she had on a previous occasion proceeded past the barricades and crossed the construction area. On the occasion in question, appellant again entered the construction area beyond the barricades, fell, and was injured. She brought suit claiming negligence by the construction company in creating a hazardous condition, and in failing to warn of the danger.
Defendant paving company moved for summary judgment, arguing that the condition of the sidewalk was open and obvious; that the barricades constituted warning; and that the plaintiff, having traversed the construction area previously, had actual notice of the hazardous condition. We concur with the trial court that defendant was entitled to summary judgment on that part of plaintiff’s case. See Prager v. Marks Bros. Co., 483 So.2d 881 (Fla. 3d DCA 1986); see also Schoen v. Gilbert, 436 So.2d 75, 76 (Fla.1983); Storr v. Proctor, 490 So.2d 135, 136-37 (Fla. 3d DCA), review denied, 500 So.2d 546 (Fla.1986).
However, as the construction project involved the closing of a segment of public sidewalk, it was essential that the public have an alternative pathway. Accordingly an essential premise of the motion for summary judgment was the proposition that the plaintiff had a reasonable alternative route to travel: she could have crossed the street and used the sidewalk on the other side.[1] In her deposition the plaintiff contended that, although it was theoretically possible to cross the street, speeding traffic in that area made it hazardous to do so. We are unable to discern that the present record clearly establishes the existence of a crosswalk (or other means) reasonably accessible to the plaintiff which would have allowed safe crossing. See generally Restatement (Second) of Torts § 343A & Illustration 8 (1965).[2] While summary judgment may well be appropriate on a more fully developed record, for the reason just stated we do not believe the defendant has carried its burden with respect to the summary judgment entered below. Accordingly we affirm in part, reverse in part, and remand for further proceedings.

. Because of extensive repairs on the street adjacent to the missing sidewalk segment, it was not feasible to fashion an alternative walkway in that area. The sidewalk on the opposite side of the street was unaffected by the construction and was passable for pedestrians.

. The safety of the alternative pathway is, of course, judged by a reasonable person standard. The subjective belief of the plaintiff would not be dispositive.