## HARRIS, etc. v SHELTER SEAGATE CORPORATION, et al.

Case No. 88-0991-CA-01-WLB

Twentieth Judicial Circuit, Collier County

January 18, 1990

### APPEARANCES OF COUNSEL

**Michael R. N. McDonnell,** for plaintiff.

**Richard J. Aaron,** for defendant, Shelter Seagate Corporation.

**James K. Parker,** and **Wallace vonArx,** for defendants, M. A. Mortenson Co., Arnold L. Lindberg and Gil Fleschhacker.

### OPINION OF THE COURT

WILLIAM L. BLACKWELL, Circuit Judge.

*ORDER GRANTING DEFENDANT SHELTER'S*

*MOTION FOR SUMMARY JUDGMENT*

On consideration of this motion, the respective legal memoranda of counsel for the Plaintiff and the Defendant, Shelter Seagate Corporation, it is ORDERED that the said Motion for Summary Judgment is granted and Shelter Seagate Corporation shall go hence without day, because there is no material issue of law or fact.

The Court observes in passing that the case of *Cadillac Fairview of Florida, Inc. v Cespedes,* 468 So.2d 417 (Fla. 3d DCA 1985) (on which Plaintiff relies heavily) is to be distinguished from the facts in this case. In *Cadillac Fairview,* Cadillace Fairview sought to exclude itself from liability for the injury of an employee of one of its subcontractors. Cadillac Fairview was building a home on a lot which it owned, for its own purposes.

The exclusionary rule sought to be invoked by Cadillac does not apply where the only privity of contract or obligation to perform work by the alleged subcontractors is with the owner-builder and where the true relationship of contractor and subcontractor does not exist. — Under the clear meaning of Chapter 440, there must be a contractor obligation on the part of the contractor, a portion of which he sublets to another. (citing *Jones v Florida Power Corp.,* 72 So.2d 285 (Fla. 1954) and other cases) — Cadillac, under the facts present here, had no primary obligation under a contract which it was passing on to another. It was not a "contractor" under the Workers Compensation Act. (Citations omitted, *Cadillac Fairview* at 420)

Cadillac Fairview was the owner *and* general contractor and had a duty to keep its premises safe for all the workmen on the job and was not afforded immunity.

In the instant case, Shelter Seagate Corporation had a general contractor, M. A. Mortenson, who hired various subcontractors. Plaintiff's decedent was an employee of one of these subcontractors. The Plaintiff points to no act of Shelter Seagate which directly and in natural and continuous sequence produced the injury which led to the death of Plaintiff's decedent.

An employee of an independent contractor may sue the owner for damages suffered on the construction site as a result of the owner's negligence. *Conklin v Cohen,* 287 So.2d 56, 59, 60 (Fla. 1973). To impose liability upon an owner who is not an employer, one or more specifically identifiable acts of negligence, either creating or approving a dangerous condition which results in the injury, must be established. *Conklin v Cohen* at 60. The deposition of Shelter Seagate Corporation's supervising employee, Ken Artlett, at best indicates that Artlett was a supervisor or coordinator who exercised little if any direct control over the project, other than coordinating affairs with the architect and general contractor, and inspecting the work for conformity with the contract.

Q And with regard to safety procedures, can you recall any instance

in the construction of the hotel project where you undertook to directly supervise any of the safety procedures employed?

A No. No, I would not do that.

Transcript of Deposition of Artlett, taken December 20, 1989, Page 53, line 25 through Page 54, line 4.

An owner's reservation of the right to inspect the work of contractors to insure that it conforms to the contract, and to reject unsatisfactory work and demand that it be made satisfactory does not usurp the right of control of the contractor and does not transform the owner from a passive non-participant to an active-participant in construction. *Van Ness v Independent Construction Company,* 392 So.2d 1017, 1019 (Fla. 5th DCA 1981).

It is for these reasons Shelter Seagate Corporation's Motion for Summary Judgment is GRANTED.

SIGNED in Chambers this 18th day of January, 1990.