W. SHARP, Judge.
Debra A. Eiler, guardian of her incapacitated husband, Robert, and their two minor children, appeals from a final summary judgment in favor of Orange County. Robert was an employee of Ed Waters & Sons Contracting Company, a subcontractor of Paul N. Howard Company, the general contractor on a major sewer line project for Orange County. The Waters firm was hired to build the steel reinforcing pits necessary to set up a funneling apparatus. Eiler was shocked by electric current while he was unhooking sheet pile attached to a crane, when electricity from a nearby power line arched to the crane, down a cable to the sheet pile and to Eiler. This lawsuit was filed by the Eilers against Orange County in its capacity as owner of the project. We affirm the trial court because we agree the record fails to suggest there is any material evidence that Orange County took any position or step which could have made it liable for injuries suffered by the employee of an independent contractor.
*1087 In its capacity as owner, Orange County is entitled to immunity from tort liability for injuries to employees of general contractors or subcontractors,[1] unless exceptional circumstances can be established. The first is that Orange County meddled with the job by assuming the responsibility for directing the work effort. Conklin v. Cohen, 287 So.2d 56 (Fla.1973); City of Miami v. Perez, 509 So.2d 343 (Fla. 3d DCA), rev. denied, 519 So.2d 987 (Fla.1987); Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), rev. denied, 479 So.2d 117 (Fla.1985). The second is that Orange County negligently created a dangerous condition, or negligently approved the existence of the dangerous. condition which caused the employee’s injury. Conklin at 60; Perez at 346.
The record here does not suggest that Orange County actively participated in directing the work for this project. Its contract with the general contractor, Howard, places the full responsibility for “the means, methods, techniques, sequences and production” of the construction[2] on Howard. Although Orange County had employees present at the work site, they were there solely to observe and record work progress.
Nor does the record suggest that Orange County negligently created or approved a dangerous condition which caused Eiler’s injuries. It shows only that Howard communicated with Orange County’s engineers, Camp, Dressier, & McKee, seven-, teen days before the accident. He told them the subcontractor had requested that the tunnel at Kirkman Road be extended beyond what was then planned, because of the proximity of overhead and underground utilities. Howard said work there without the changes would be potentially hazardous.
One week later, the project inspector agreed to the tunnel extensions. At a monthly meeting, the county engineer (Camp) also agreed to the extension, which was later formally approved as required by the contract. There is no suggestion or inference that Orange County or its engineers (assuming they were the county’s agents) knew that extending the tunnel would not remedy the problem of hazardous wires, or that they insisted the work go forward in the face of a known danger.
Accordingly, the final summary judgment is affirmed.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.

. City of Miami v. Perez, 509 So.2d 343 (Fla. 3d DCA), rev. denied, 519 So.2d 987 and 519 So.2d 988 (Fla.1987); Van Ness v. Independent Construction Co., 392 So.2d 1017 (Fla. 5th DCA), rev. denied, 402 So.2d 614 (Fla.1981).

. Paragraph 6.1 of Contract.