592 So.2d 261 (1991)
Joean BOATWRIGHT, as Personal Representative of the Estate of Marion F. Boatwright, Deceased, Appellant,
v.
SUNLIGHT FOODS, INC., Appellee.
No. 91-316.
District Court of Appeal of Florida, Third District.
December 3, 1991.
Rehearing Denied February 18, 1992.
*262 Proenza, White, Huck & Roberts, Kelly, Black, Black, Byrne, Beasley, Bales & Ross and Lauri Waldman Ross, Miami, for appellant.
Richard A. Sherman and Rosemary B. Wilder, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
The personal representative of the deceased in a wrongful death action seeks reversal of the trial court's order granting a directed verdict in a property owner's favor. We reverse and remand upon the following analysis.
Joean Boatwright alleged that Sunlight Foods, Inc., (Sunlight) owned, operated, and controlled the warehouse where her husband was fatally injured while working on a negligently designed vinegar tank. Sunlight argued the decedent's independent contractor status, assumption of risk, the borrowed servant doctrine, and comparative negligence.
Sunlight had hired independent contractor, Charles Ray, to install a tank which had been purchased at salvage by Sunlight's maintenance head, Enoch Lewis. According to Sunlight's contract with Ray, Sunlight was required to furnish a forklift and all materials. Lewis did all Sunlight's design work. In accordance with Lewis' design, the tank was installed 12 feet above the warehouse floor. A catwalk went to the top of the tank, and a platform was set on top, just below the level of a valve and tank pipe connection. At this juncture was a flange with part of the original valve ground off. Boatwright welded a new valve to control the vinegar flow. It was while connecting this valve that Boatwright fell to his death.
When the cause proceeded to trial, a mistrial was declared during opening argument, when the defense told the jury that the decedent's employer, Ray, had been fined under the Occupation Safety and Health Act, OSHA, for the accident. Prior to new trial, Ms. Boatwright unsuccessfully moved to exclude evidence of the OSHA fine and the OSHA determination of who employed her husband.
According to the testimony of a Sunlight employee and a Ray employee, Lewis had rejected their request for a guardrail around the platform. According to Lewis, he had instructed Ray's men to install railings; however, they had not done so at the time of Boatwright's death. Prior to the morning of the accident, Lewis had ordered one of his employees to climb up the tank platform and take the flange off. That employee had refused, saying it was too dangerous. The day of the accident, Boatwright went up the platform carrying a two-foot wrench. Standing nearby were Boatwright's son and also Charles Ray and his son. Several minutes later, when the flange broke, Boatwright fell.
At the conclusion of Joean Boatwright's case, Sunlight moved for a directed verdict, arguing that the decedent was an independent contractor and the platform was a "known risk." The trial court denied the motion. The company renewed the motion at the conclusion of all the evidence and the trial court granted a directed verdict in Sunlight's favor. This was error.
An owner who hires an independent contractor is generally not liable for injuries sustained by that contractor's employees for their work. City of Miami v. Perez, *263 509 So.2d 343, 345 (Fla. 3d DCA), review denied, 519 So.2d 987, 988 (Fla. 1987). However, there are two principal exceptions to this rule. First, an owner may be held liable if he actively participates in the construction to the extent that he directly influences the manner in which the work is performed. Conklin v. Cohen, 287 So.2d 56 (Fla. 1973); McCabe v. Florida Power & Light Co., 531 So.2d 360 (Fla. 3d DCA 1988); Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417, 421 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla. 1985). Second, an owner may be held liable where he or she creates or approves a dangerous condition, resulting in injury. Conklin, 287 So.2d at 59; Horton v. Gulf Power Co., 401 So.2d 1384 (Fla. 1st DCA), review denied, 411 So.2d 382 (Fla. 1981).
At trial in the instant case, the plaintiff presented competent evidence supporting each exception. There was testimony that the tank was designed and modified by Sunlight employee, Lewis. There was Lewis' own statement that he instructed the construction workers "how I want it done and what I want done." Additionally, there was the testimony of the Sunlight and Ray employees that they had specifically asked Lewis to install a guardrail and that Lewis had responded that there was "no need for it." Thus, having presented facts which a jury might have considered credible evidence of active participation in negligence, both in defective design and supervision of construction, the affirmative defense presented did not provide a basis for the direction of the verdict. The issue should have gone to the jury.
Furthermore, we do not find Sunlight entitled to the directed verdict based upon the open and obvious nature of the tank and platform. In Aventura Mall Venture v. Olson, 561 So.2d 319 (Fla. 3d DCA), review denied, 574 So.2d 142 (Fla. 1990), we agreed with the fifth district's statement in Circle K Convenience Stores v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990), that "some conditions are simply so open and obvious, that they can be held as a matter of law not to constitute a hidden dangerous condition." However, the possessor of land may be liable for even known dangerous conditions if the possessor should anticipate the harm despite such knowledge or obviousness. Ashcroft v. Calder Race Course, 492 So.2d 1309, 1311 (Fla. 1986) citing Prosser and Keaton, Law of Torts § 61 (5th ed. 1984) and Restatement (Second) of Torts § 343A (1965). Moreover, the defense of "implied assumption of risk" has been merged into contributory negligence, as a fact for the trier of fact to determine. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977).
We note that upon remand the defendant should not be permitted to introduce evidence concerning OSHA's determination of who employed Ray nor evidence of the OSHA fine levied. This is not a case where the plaintiff seeks admission of OSHA regulations as part of its proof of negligence. See Cadillac Fairview, 468 So.2d at 417. Rather, Sunlight sought to present defensive evidence that OSHA fined Ray, thereby suggesting that OSHA's interpretation of its regulations provide that Ray, not Sunlight, was decedent's employer and responsible for the accident. Because OSHA neither enlarges nor diminishes any statutory or common law rights, its definition of who was the employer in the instant case is irrelevant. See Jupiter Inlet Corp. v. Brocard, 546 So.2d 1, 3 (Fla. 4th DCA 1988), review denied, 551 So.2d 461 (Fla. 1989); see also Jiminez v. Gulf & Western & Mfg., 458 So.2d 58 (Fla. 3d DCA 1984).
Accordingly, the judgment is reversed and the cause is remanded with directions.