COPE, Judge
(dissenting).
I respectfully dissent. The judgment should be affirmed.
The majority opinion begins with the assertion that the plaintiff had recently undergone cataract surgery. The opinion proceeds on the premise that the plaintiff suffered from impaired vision. The City contends that the condition of the sidewalk was open and obvious; the majority rejects this argument, reasoning that there is a disputed issue of material fact on the question of openness and obviousness because the plaintiff is sight-impaired.
The problem with the majority position is that it is contradicted by the record. When asked about her eyesight, plaintiff testified:
Q ... Mrs. Kopf, are you stating that before the accident you had a cataract removed from your left eye?
A. Yes.
Q. Do you understand—
A. And they put on a lens. And I saw very well.
Q. Do you recall more or less when this was?
A. It was in September.
Q. September of what year?
A. Of the same year.
Q. Of the same year as the accident? A. Yes.
Q. September of 1990?
A. Yes.
Q. Did they ever do that procedure to your right eye?
A. Yes. After.
Q. How long after?
A. About two or three months.
Q. So they also removed a cataract and put in a lens for your right eye.
A. Yes, I think so. I only know that I could see very well.
(Emphasis added). The plaintiffs testimony was that she saw very well on the day of the accident.[1] There is no evidence to the contrary.
Given the plaintiffs own testimony that she could see very well, the question is whether the trial court was correct in granting summary judgment. Plaintiff in this case crossed a city street in the middle of the block. On the far side was a concrete driveway, which was surfaced with a reddish material. A semicircular area of the surfacing material, about the size of a dinner plate, had eroded where the driveway joined the street. This left a shallow depression which exposed the underlying concrete. The parties introduced three photographs which reflect the condition of the sidewalk. The eroded surface was clear for all to see.
The Florida Supreme Court has summarized the law of premises liability applicable here by utilizing the formulation found in Restatement (Second) of Torts § 343A (1965). Cosby v. Flint, 520 So.2d 281, 282 (Fla.1988); Ashcroft v. Colder Race Course, Inc., 492 So.2d 1309, 1311-12 (Fla.1986). In Ashcroft the court said:
The owner or occupier of land has a duty to exercise reasonable care for the protection of invitees. Prosser and Keaton, Law of Torts, § 61 (5th ed. 1984):
[I]n the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent that he may reasonably be expected to dis *1048 cover them. Against such conditions it may normally he expected that the visitor will protect himself. It is for this reason that it is sometimes held that reasonable care requires nothing more than a warning of the danger. But this is certainly not a fixed rule, and all of the circumstances must be taken into account. In any case where the occupier as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee’s attention will be distracted, as by goods on display, or that after a lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it. In some jurisdictions, it is also true where the condition is one, such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, when, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. The jury in such cases may be permitted to find that obviousness, warning or even knowledge is not enough.
Id. (footnotes omitted). Accord Restatement (Second) of Torts § 343A (1965):
Known or Obvious Dangers
(1) A possessor of land is not hable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
Ashcroft, 492 So.2d at 1311-12 (some emphasis added; some emphasis omitted).[2]
The majority suggests in a footnote that Restatement section 343A, relating to known or obvious dangers, does not apply where there is negligent maintenance of premises. To the contrary, the Florida Supreme Court in Ashcroft v. Calder Race Course, Inc., relied on Restatement section 343A in the context of an injury which the court attributed to “negligent maintenance of the facility....” 492 So.2d at 1312.[3] This court has repeatedly relied on Restatement section 343A in cases involving negligent maintenance or similar negligent conduct. See Miranda v. Home Depot, Inc., 604 So.2d 1237, 1238-39 (Fla. 3d DCA 1992) (citing Restatement (Second) of Torts § 343A; alleged negligent placement of ladder); La Villarena, Inc. v. Acosta, 597 So.2d 336, 338 (Fla. 3d DCA 1992) (citing Restatement (Second) of Torts § 343A; wet, slippery floor); Boatwright v. Sunlight Foods, Inc., 592 So.2d 261, 263 (Fla. 3d DCA 1991) (citing Restatement (Second) of Torts § 343A; failure to provide guardrail for construction worker; owner left dangerous condition knowing worker would proceed to encounter it), review denied, 601 So.2d 553 (Fla.1992); Hogan v. Chupka, 579 So.2d 395, 397 (Fla. 3d DCA 1991) (citing Restatement (Second) of Torts § 343A; negligent maintenance of sidewalk and pavement in front of store exit); Gloris v. Williams Paving Co., 556 So.2d 748, 749 (Fla. 3d DCA 1989) (citing *1049 Restatement (Second) of Torts § 343A; pedestrian proceeded into area where sidewalk under construction; factual issue remained regarding whether defendant had negligently obstructed only available pathway); cf. Crawford v. Miller, 542 So.2d 1050 n. 3 (Fla. 3d DCA 1989) (citing Restatement (Second) of Torts § 343A; alleged negligent maintenance of pathway).
Comment g to Restatement section 343A states in part:
[Municipalities] may reasonably assume that members of the public will not be harmed by known or obvious dangers which are not extreme, and which any reasonable person exercising ordinary attention, perception, and intelligence could be expected to avoid. This is true particularly where a reasonable alternative way is open to the visitor, known or obvious to him, and safe.
(Emphasis added). See id. § 343A, illus. 7, 9; see also Gloris, 556 So.2d at 749.
Here, the condition was open and obvious and the plaintiff observed it. The plaintiff could easily have avoided the small eroded area by walking to either side of it. The entire remainder of the driveway was intact, available, and perfectly serviceable. The summary judgment in favor of the City should be affirmed.

. The accident occurred in December, 1990.

. The Restatement rule is subject to a number of important qualifications and limitations. See Restatement (Second) of Torts § 343A, cmt. f and g, and illus. thereto. Comment b explains:
b. The word "known” denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious” means that both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.
(Emphasis added).

. Restatement section 343A explicitly covers negligent maintenance, as well as negligent design. Restatement (Second) of Torts § 343A, illus. 4 (rainspout negligently left across footpath by store exit); 5 (slippery waxed stairway); 6-7 (baggage stacked so as to obstruct exit path); 8 (snow and ice negligently allowed to accumulate across pathway).