666 So.2d 922 (1995)
George AHL and Becky Ahl, Appellants,
v.
STONE SOUTHWEST, INC., Appellee.
No. 94-3135.
District Court of Appeal of Florida, First District.
August 4, 1995.
*923 M. Robert Blanchard of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellants.
Richard Smoak, Panama City, for appellee.
ERVIN, Judge.
This is an appeal from a final summary judgment entered in favor of appellee, Stone Southwest, Inc., against appellants, George and Becky Ahl, who were the plaintiffs below in this personal injury action. Because we conclude that issues of material fact remain unresolved, we reverse and remand for further proceedings.
George Ahl, a millwright, was hired by Brown and Root to perform maintenance work at Stone Southwest's paper mill. In preparation of the maintenance work, employees of Stone Southwest hosed down the machinery in the mill in order to remove flammable dust from the machines. When Ahl began work on his assigned machine, he noticed on the floor an inch or two of water, mixed with grease and oil. Ahl allegedly reported this condition to his supervisor, who told him Stone Southwest knew of it but was unable to do anything. In order to accomplish his assigned duties, Ahl placed his ladder in the water next to the machine. While he was carrying a 35-pound bearing housing down the ladder, his left foot slipped and he fell from the ladder, landing on some nearby pipes and injuring his back.
The Ahls sued Stone Southwest, alleging in their amended complaint that Mr. Ahl was injured while working on premises owned by Stone Southwest, and that its negligence was the cause of Ahl's injuries. They asserted particularly that Stone Southwest's negligence consisted of maintaining the premises in a negligent and dangerous condition by leaving grease, oil or other slippery substances on the floor in the areas where Stone Southwest knew persons such as Ahl would be working, and by allowing the dangerous condition to continue after Stone Southwest had knowledge of its existence.
Stone Southwest thereafter moved for summary judgment, contending that sections 343A and 414 of the Restatement (Second) of Torts (1965) and Florida case law imposed no duty or liability upon it for Ahl's injury and that the sole, proximate cause of Ahl's injury was his own negligence. The court granted the motion, but failed to state its reasons.
A landowner owes two basic duties to invitees: First, the landowner must use reasonable care in maintaining the premises in a reasonably safe condition, and second, the landowner must warn the invitee of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by the invitee through the exercise of due care. Regency Lake Apartments Assocs. v. French, 590 So.2d 970, 973 (Fla. 1st DCA 1991); Emmons v. Baptist Hosp., 478 So.2d 440, 442 (Fla. 1st DCA 1985), review denied, 488 So.2d 67 (Fla. 1986); Miller v. Wallace, 591 So.2d 971, 973 (Fla. 5th DCA 1991). The evidence in no way supports breach of the second duty, thus no issue remains as to Stone Southwest's liability under a concealed peril theory.
As to the duty to use reasonable care in maintaining the premises in a reasonably safe condition, the owner has no duty to warn where the danger is obvious and apparent, or the invitee otherwise has knowledge of the danger which is equal to or superior to the owner's knowledge. Miller, 591 So.2d at 973. This rule arises from the principle of law set forth in section 343A of the Restatement, which provides, in pertinent part, as follows:
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
The facts clearly demonstrate that the condition was known or obvious to Ahl. In fact, Ahl testified in his deposition that he saw the water and oil, that he asked his supervisor if it would be cleaned up, that the employees *924 wore special soled shoes to prevent slipping on oil and grease, and that paper mills can be wet and greasy. Based on this evidence, Stone Southwest owed Ahl no duty to warn of the obvious danger created by the water and oil on the floor.
The question remains, however, as to whether Stone Southwest should have anticipated the harm despite Ahl's knowledge of the condition or the obviousness of the condition. As explained in Comment "f" to section 343A of the Restatement, there are situations in which the landowner can and should foresee that the dangerous condition will cause harm to an invitee despite its known or obvious danger. A reasonable probability to expect harm to an invitee from known and obvious dangers may arise under the following circumstances: If a landowner may expect that the invitee's attention might be distracted, so that he or she will not discover what is obvious, or will forget any such discovery, or fail to protect himself or herself against it, and if the landowner may expect that the invitee will encounter the known or obvious danger, because, to a reasonable person in the invitee's position, the advantages of such encounter would outweigh the apparent risk. In such cases, the fact that the danger is known or obvious is important in determining whether the invitee may be charged with comparative negligence. It is not conclusive, however, in determining the duty of the landowner, or whether he or she acted reasonably under the circumstances. See also Regency Lake Apartments Assocs., Ltd., 590 So.2d at 970 (Fla. 1st DCA 1991); Boatwright v. Sunlight Foods, Inc., 592 So.2d 261 (Fla. 3d DCA 1991), review denied, 601 So.2d 553 (Fla. 1992); Stewart v. Boho, Inc., 493 So.2d 95 (Fla. 4th DCA 1986).
The cases which Stone Southwest relies on to support the summary judgment, McAllister v. Robbins, 542 So.2d 470 (Fla. 1st DCA 1989); Emmons v. Baptist Hospital, 478 So.2d 440 (Fla. 1st DCA 1985), review denied, 488 So.2d 67 (Fla. 1986); and Miller v. Wallace, 591 So.2d 971 (Fla. 5th DCA 1991), are distinguishable from the facts in the instant case as the defendants there had no reason to anticipate the harm which the plaintiffs later suffered.
After considering the above cases and the Restatement, we conclude that reversal is appropriate. Although the condition was obvious and Ahl had knowledge of the wet, oily condition of the floor, Stone Southwest should have reasonably anticipated that Ahl could be injured. The evidence discloses that Stone Southwest knew that the portion of the floor next to the machines was wet and oily, and that workers, in order to carry out their assigned tasks on the machines, would be forced to climb ladders. Thus, the owner of the mill should have reasonably assumed that workers such as Ahl, who were required to get the plant in operating condition as soon as possible, would be exposed to and thereby encounter the dangerous condition. Consequently, a question of fact remains concerning whether Stone Southwest should have anticipated Ahl's harm, thereby precluding the entry of summary judgment in favor of Stone Southwest. As Ahl's knowledge of the condition would merely go to the issue of his own comparative negligence, his awareness does not compel entry of summary judgment in Stone Southwest's favor.
Having determined that summary judgment was improperly entered on the above theory, we reverse on that basis. The question we next address is whether the court properly entered summary judgment by applying section 414 of the Restatement. As a general rule, a landowner who hires an independent contractor to perform work on his or her land is not liable for injuries incurred by the independent contractor's employee during the course of that work. Hewett v. Travelers Ins. Co., 538 So.2d 952, 953 (Fla. 1st DCA 1989); Skow v. Department of Transp., 468 So.2d 422, 423 (Fla. 1st DCA 1985); City of Miami v. Perez, 509 So.2d 343, 345 (Fla. 3d DCA), review denied, 519 So.2d 987 (Fla. 1987); Restatement § 409.
Two exceptions exist to the above rule. Liability may be imposed if the owner actively participates and controls the manner in which the work is performed, or if the owner performs one or more specific acts of negligence. City of Miami v. Perez, 509 So.2d at 345-46; Van Ness v. Independent Constr. Co., 392 So.2d 1017, 1019 (Fla. 5th DCA), review denied, 402 So.2d 614 (Fla. 1981). *925 These two exceptions arise from the principle of law recited in section 414, which provides:
One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.
In the instant case, Ahl asserts that Stone Southwest is liable, because it actively participated in the work by cleaning the machinery and that it did so negligently. We agree with the Ahls that a fact question remains regarding whether Stone Southwest committed specific acts of negligence by cleaning the machinery and leaving water and oil on the floor, a place where it knew outside workers would be required to perform maintenance.
REVERSED and REMANDED.
BENTON and VAN NORTWICK, JJ., concur.