LEVINE, J.
The issue presented is whether the trial court erred in granting summary judgment for appellee, where appellant was injured as he attempted to install an attic ladder in appellee’s home. We find disputed issues of material fact exist as to whether appellee agreed to assist appellant, and if so, whether appellee negligently failed to assist appellant while he descended a ladder. We reverse and remand.
Appellant had previously worked as a handyman for appellee. On this occasion, appellee hired appellant to install an attic ladder. While installing the ladder, appellant fell and sustained injuries that ultimately required the amputation of his leg. Appellant filed a complaint alleging, inter alia, that appellee participated in the installation of the ladder and that appellee negligently failed to properly assist appellant.
In his deposition, appellant testified that he agreed to install the attic ladder, but told appellee that this was a two-person installation, and appellee agreed to assist. While appellant was in the attic, he asked appellee to remove two planks of wood that were covering a hole in the attic floor so that appellant could get down. Appel-lee complied with appellant’s request. Appellant further alleged that he told appel-lee to position an A-frame ladder where appellant could reach it and to hold it while he came down. Appellant could not see appellee from the attic, but he assumed appellee had moved the ladder and positioned it properly. Appellant did not inform appellee that he was coming down the ladder, nor did he ask if appellee was holding the ladder before he began to descend. When appellant exited the attic, the ladder tipped over and appellant was seriously injured.
Appellee asserted that he was merely a passive nonparticipant in the installation and did not negligently create the condition that injured appellant. Appellee testified that he did not assist appellant, and that the extent of his involvement may have included handing tools to appellant, like he had done in the past. Appellee admitted he held the ladder when appellant went up in the attic, explaining that it was “just a natural feeling.”
After a hearing, the trial court granted summary judgment in favor of appellee. Appellant appeals.
An order granting summary judgment is reviewed de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper if there is no genuine issue of mate *233 rial fact and the moving party is entitled to a judgment as a matter of law. Id.
“As a general rule, one who hires an independent contractor is not liable for injuries sustained by that contractor’s employees in performing their work.” Johnson v. Boca Raton Cmty. Hosp., Inc., 985 So.2d 593, 595 (Fla. 4th DCA 2008). However, “[liability may be imposed if the owner actively participates and controls the manner in which the work is performed, or if the owner performs one or more specific acts of negligence.” Ahl v. Stone Sw., Inc., 666 So.2d 922, 924 (Fla. 1st DCA 1995); see also Conklin v. Cohen, 287 So.2d 56, 60 (Fla.1973).[1]
In the present case, disputed issues of material fact exist as to whether appel-lee agreed to hold the ladder. This is a key question of fact, since the law is clear that “an action undertaken for the benefit of another, even gratuitously, must be performed in accordance with an obligation to exercise reasonable care.” Vendola v. S. Bell Tel. & Tel. Co., 474 So.2d 275, 278 (Fla. 4th DCA 1985). Thus, if appellee agreed to hold the ladder, he had a duty to perform the action with “reasonable care.” Accordingly, the trier of fact should deter mine whether appellee accepted the duty to hold the ladder, and if so, whether he negligently performed the action by not holding the ladder. Further, even if appellant descended the A-frame ladder without announcing he was coming down, that would not vitiate appellee’s duty to hold the ladder if he had previously agreed to hold it. At most, this would go to the comparative negligence of appellant, not result in a finding of no duty by appellee.

Reversed and remanded.

WARNER and CIKLIN, JJ., concur.

. In Strickland v. Timco Aviation Services, Inc., 66 So.3d 1002, 1006 (Fla. 1st DCA 2011), the court stated that a property owner "can be held liable for damages sustained by an employee of an independent contractor where (1) the property owner actively participates in or exercises direct control over the work; or (2) the property owner negligently creates or negligently approves a dangerous condition.” (emphasis added). However, we note that the case Strickland cites for this proposition uses the word "and” rather than "or.” See Ahl, 666 So.2d at 924.