DAVIS, Chief Judge.
Robert Skala challenges the final summary judgment entered by the trial court in favor of Lyons Heritage Corporation, Sean Clark, and Sean Clark Contracting, Inc., the defendants in Mr. Skala’s negligence action. Because there remain genuine issues of material fact that must be resolved, we reverse the final summary judgment.
Mr. Skala is a tile setter who occasionally did work for Lyons Heritage, a general contractor.[1] On October 7, 2008, a construction supervisor for Lyons Heritage asked Mr. Skala to inspect the tile work in a home under construction. Mr. Skala did not have a contract to install tile in that home but rather was asked to assess the quality of work already performed by another tile setter and give an estimate as to what could be done to satisfy the disgruntled homeowner.
Mr. Skala approached the partially constructed home and saw debris in the front yard. He noticed a trim carpenter working near the front door and decided to enter the home through the garage as it was the most direct route into the home. While entering, Mr. Skala saw building materials and debris throughout the garage. He tripped and fell on unspecified construction debris and suffered complex fractures to both arms. He filed suit against Lyons Heritage, alleging negligence in the failure to maintain the premises in a safe condition.[2]
Following discovery, Lyons Heritage moved for summary judgment, arguing that as a matter of law the conditions were so obvious that it could not be held liable for any injury that Mr. Skala incurred. The trial court agreed and entered final summary judgment in favor of Lyons Heritage.
“The determination of the existence of a duty of care in a negligence action is a question of law.” Goldberg v. Fla. Power & Light Co., 899 So.2d 1105, 1110 (Fla.2005). Here, because Mr. Skala was a business invitee on the property, Lyons Heritage, as the possessor of the premises, owed him a duty, as a matter of law, to “maintain the premises in a reasonably safe condition.” See Strickland v. Timco Aviation Servs., Inc., 66 So.3d 1002, 1006 (Fla. 1st DCA 2011); see also Ahl v. Stone Sw., Inc., 666 So.2d 922, 923 (Fla. 1st DCA 1995).[3]
*816 Whether Lyons Heritage failed to satisfy its duty to maintain, however, is a question of fact disputed by the parties. As such, the trial court erred in entering summary judgment. See Strickland, 66 So.3d at 1006 (“A trial court’s grant of a motion for summary judgment is appropriate where there ‘is no genuine dispute as to any issue of material fact and the moving party is entitled to judgment as a matter of law.’ ” (quoting Lomack v. Mowrey, 14 So.3d 1090, 1091 (Fla. 1st DCA 2009))). While we recognize that as a general principle Lyons Heritage is not liable for harm caused by known or obvious dangers, an exception applies if the facts show that Lyons Heritage should have anticipated the harm despite its known or obvious nature. See Ahl, 666 So.2d at 923-24; see also DeCruz-Haymer v. Festival Food Mkt., Inc., 117 So.3d 885, 888 (Fla. 4th DCA 2013) (“The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious.” (internal quotation marks omitted)).
The instant case is factually similar to the situation before the First District in Ahl, 666 So.2d 922. There, the plaintiff was employed by an independent contractor of the property’s owner. When he entered a room to perform his work, he saw that the floor was wet and greasy and complained of the condition to his supervisor. He then proceeded to perform his assigned task by positioning a ladder and climbing it in order to remove a part requiring service. As he descended the ladder, his foot slipped due to the grease on the sole of his shoe. He fell and suffered serious injury. Id. at 923. The First District observed that “there are situations in which the landowner can and should foresee that the dangerous condition will cause harm to an invitee despite its known or obvious danger.” Id. at 924.
A reasonable probability to expect harm to an invitee from known and obvious dangers may arise ... if the landowner may expect that the invitee will encounter the known or obvious danger, because, to a reasonable person in the invitee’s position, the advantages of [facing the danger] would outweigh the apparent risk.

Id.

Viewing the facts of the instant case in the "light most favorable to Mr. Skala as the party who did not move for summary judgment, see Reserve Ins. Co. v. Earle W. Day & Co., 190 So.2d 803, 805 (Fla. 2d DCA 1966), the record before us establishes that Mr. Skala saw the garage as the most direct route into the house, that *817 the alternative front door entrance was occupied by one or more workmen, and that entering the house was necessary to perform the job he was being paid to do. Under these facts, a genuine issue of material fact exists as to whether Lyons Heritage should have anticipated that Mr. Ska-la would choose to encounter the obvious perils of entering the home through the garage scattered with debris because the advantages of entering the house to complete his job outweighed the risks associated with navigating the garage in that condition. See Ahl, 666 So.2d at 924; see also Taylor v. Tolbert Enters., 439 So.2d 991, 992 (Fla. 1st DCA 1983) (holding that whether a hotel owner breached its duty to maintain the premises in a reasonably safe condition is a jury question where a guest slipped on an obvious accumulation of sand and water on the available steps leading from the hotel to the beach).
We also need not address whether Mr. Skala’s apparent recognition of the open dangers within the garage resulted in his assumption of the risk of entering by that route. That is an issue to be decided by the jury as part of its comparative negligence determination. See DeCruz-Haymer, 117 So.3d at 888; Taylor, 439 So.2d at 992.
Because it was error to grant summary judgment in favor of Lyons Heritage where genuine issues of material fact remain, we reverse the final summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
KELLY and LaROSE, JJ„ Concur.

. According to Mr. Skala's deposition, he was technically an employee of Classic Tile, an entity of which he was the sole owner and only employee.

. "[I]t is not ownership of the property which determines the duty of care, but rather, [']the failure of a person who is in actual possession and control (be it the owner, an agent, a lessee, a construction contractor, or other possessor with authority or control), to use due care .... [']" Worth v. Eugene Gentile Builders, 697 So.2d 945, 947 (Fla. 4th DCA 1997) (quoting Haynes v. Lloyd, 533 So.2d 944, 946 (Fla. 5th DCA 1988)).

.Additionally, Lyons Heritage had the duty to warn Mr. Skala of latent perils — those "concealed perils which [were] or should [have been] known to" Lyons Heritage and which were unknown to Mr. Skala and could not have been discovered by him through the exercise of due care. See Ahl, 666 So.2d at 923. However, Mr. Skala has not alleged that *816 Lyons Heritage's negligence was its failure to warn him of some latent peril. In fact, he acknowledged in his deposition, affidavit, and complaint that the debris that caused him to trip was open and obvious to him. As such, the duty to warn is not at issue in this case.
It is for this same reason that the cases relied on by the trial court in granting summary judgment are inapplicable. See Roberts v. Dacra Design Assocs., 766 So.2d 1184, 1184-85 (Fla. 3d DCA 2000) (concluding that property owner of a building under construction had no duty to warn a plaintiff hired to repair an air conditioning unit in the building on a floor with no windows or working lights where the plaintiff was aware of construction debris throughout the building before he was injured by stepping off a ladder onto a piece of pipe that was lying on the floor); Kagan v. Eisenstadt, 98 So.2d 370, 372 (Fla. 3d DCA 1957) (concluding that property owner had no duty to warn an experienced lumber salesman of the open stairwell that is a necessary phase of any partially constructed, multilevel home such a salesman might enter).