72 So.2d 668 (1954)
HILLMAN
v.
GREATER MIAMI HEBREW ACADEMY (two cases).
Supreme Court of Florida. Division A.
May 11, 1954.
*669 Weinkle & Kessler, Miami, for appellants.
Dixon, DeJarnette & Bradford, and James A. Dixon, Jr., Miami, for appellee.
TERRELL, Justice.
These suits were brought by appellants against appellee to recover damages for personal injuries to Freddie Hillman incident to falling from a monkey bar constructed on the playground of appellee. The amended complaints were dismissed, rehearing was denied and final judgment was entered for appellee. The plaintiffs have appealed.
The only question presented is whether or not the amended complaints state a cause of action based on negligence.
It is admitted that the monkey bar is an approved item of school or playground equipment often used for recreational purposes. It is contended by appellant that the monkey bar in question was negligently maintained in that it was constructed in a way that it extended over the trunk of a coconut palm tree and that appellee failed to keep it supervised by one competent to look after children of tender age playing near and prevent them falling from it. It is not alleged that it was defectively constructed or that it was an improper and dangerous piece of playground equipment. Marques v. Riverside Military Academy, 87 Ga. App. 370, 73 S.E.2d 574; Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 So. 798; Burdine's, Inc., v. McConnell, 146 Fla. 512, 1 So.2d 462 and other cases are relied on to support this contention.
These cases are clearly distinguishable from the case at bar. In the main, the court's reasoning in adjudicating them was bottomed on the premise that the equipment was infected with some latent defect, that it was inherently dangerous or not such as minors would appreciate the danger involved in its use, or that those in whom supervision was imposed failed to warn the minor.
The vice of the complaint in question consisted in the fact that it sought to make appellee an insurer of the safety of minor children who used its playground equipment while the law contemplates that it furnish them a reasonably safe place to play commensurate with their knowledge and impulses. There is no allegation in the amended complaint that the monkey bar contained latent defects, that it was negligently constructed or operated or that there was any present danger that one of tender years would not readily comprehend. It was approved standard playground equipment and no amount of superintendence would have prevented the accident. Miller v. Board of Education Union Free School District No. 1, Town of Oyster Bay, 1936, 249 App.Div. 738, 291 N.Y.S. 633 disposes of the question.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.