TILLMAN PEARSON, Judge.
Mabel Allen, a lady who admits being more than 80 years old, slipped and fell in a beauty salon where she was enjoying the establishment’s well-publicized services. She sued the operator of the shop alleging that the negligent maintenance of the premises caused her injury. The trial judge entered a summary final judgment for the defendant and this appeal is from that judgment. We reverse upon the holding that the record discloses a genuine issue of material fact.
FACTS
Granting to the plaintiff, appellant, all reasonable inferences from the evidence, the facts presented by the record may be summarized as follows. The defendant operates a beauty salon. The plaintiff had an appointment to have her hair waved. She arrived with the husband of her niece who *679 “walked with her into the beauty salon, holding on to her arm, and sat her down on a bench in the reception room * *
The beauty operator with whom the plaintiff had the appointment first saw the plaintiff sitting in the reception room. The plaintiff then walked from the reception room to the operator’s station. The plaintiff was directed to seat herself at the shampoo bowl. Mrs. Allen’s hair was washed by seating her in front of the shampoo bowl and tilting her head backward into it. Her hair was then dried. Mrs. Allen then arose from the chair at the direction of the operator. She was to walk to another place where she would continue the beauty treatment Mrs. Allen slipped in water on the floor and fell, severely injuring herself.
Many of the above statements are controverted. We do not state them as proved facts but facts which may be believed by a jury when the case is tried. Halavin v. Tamiami Trail Tours, Inc., Fla.App.1960, 124 So.2d 746.
BASIS OF THE HOLDING
We think Mrs. Allen’s testimony, that she slipped in water upon arising after some minutes in a horizontal position in the chair where she had been receiving a shampoo, raises an inference that she fell because she was not provided a reasonably safe place for the transaction of defendant’s business. Compare: First Federal Savings & Loan Ass’n of Miami v. Wylie, Fla.1950, 46 So.2d 396; Food Fair Stores of Florida, Inc. v. Moroni, Fla.App.1958, 113 So.2d 275.
Defendant, appellee, suggests that Mrs. Allen was guilty of contributory negligence as a matter of law because she admitted seeing some water on the floor when she went to the shampoo chair. In determining whether this lady was guilty of contributory negligence, it is necessary to consider her age and physical condition as affecting her ability to detect the dangers inherent in the situation causing her injury. Isenberg v. Ortona Park Recreational Center, Inc., Fla.App. 1964, 160 So.2d 132. We hold that contributory negligence, under the conflicting versions of the facts presented, is for the determination of a jury. Isenberg v. Ortona Park Recreational Center, supra.
CONCLUSION
Our consideration of this record convinces us that there are genuine issues of material fact, other than those discussed, but we see no advantage in delineating the scope of the issues to be tried. That process properly belongs to the pre-trial conference.
Reversed and remanded.