272 So.2d 218 (1973)
Ethel G. BYRNES, Appellant,
v.
PUBLIX SUPER MARKETS, INC., a Florida Corporation, and Florida Dust Control Service, Inc., a Florida Corporation, Appellees.
No. 71-926.
District Court of Appeal of Florida, Fourth District.
January 15, 1973.
Rehearing Denied February 12, 1973.
*219 Henry L. Kaye, of Simons & Schlesinger, Hollywood, for appellant.
Dieter K. Gunther, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellee Publix.
Charles Desmond Crowley, Fort Lauderdale, for appellee Florida Dust Control.
PER CURIAM.
Plaintiff appeals a summary final judgment entered in favor of the defendants. Our review of the record convinces us that there are genuine issues of material fact so as to preclude a summary disposition. Allen v. Kamp's Beauty Salon, Inc., Fla.App. 1965, 177 So.2d 678; Holmes v. Forty-Five Twenty-Five, Inc., Fla.App. 1961, 133 So.2d 651; Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Cowan v. Turchin, Fla.App. 1972, 270 So.2d 449, Fourth District Court of Appeal opinion filed December 20, 1972; Jenkins v. Brackin, Fla.App. 1965, 171 So.2d 589. See also Luckey v. City of Orlando, Fla.App. 1972, 264 So.2d 99.
As was pointed out in Holmes v. Forty-Five Twenty-Five, Inc., supra, 133 So.2d at p. 652:
"Negligence cases are extremely troublesome due to the varied fact situations which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, `doubt * * * should always be resolved in favor of a jury trial.' ..."
In the instant case plaintiff alleged that upon entering the premises of Publix that "she was caused to trip and fall over said dust rug or mat because of the dangerous and defective condition of said mat and/or by reason of the improper placement of said mat and/or by reason of the fact that said mat was placed in a negligent and careless manner upon the floor of the Defendant's PUBLIX premises in the entrance way thereof."
In addition to denying the allegations with respect to the circumstances under which plaintiff was alleged to have tripped and fallen defendants claim, among other things, that plaintiff was guilty of contributory negligence. There are genuine issues of fact with respect to the duty owed to the plaintiff, the condition of the premises including the placement of the dust rug as well as the plaintiff's own contributory negligence which should be evaluated and determined by a jury. The following observations made by the court in Nance v. Ball, Fla.App. 1961, 134 So.2d 35, 37-38, are pertinent:
"Some cases are clearly disposable by summary judgment. There are also marginal cases posing colorable issues which the trial court may consider so weakly supported as to indicate the futility of a full hearing on the merits. In such a case, where adherence to the rule of caution results in a denial of summary judgment, the court may feel that there has been an unjustified extension of fruitless litigation. Our own experience attests an occasional impulse to amputate at once rather than face the prospect of surgery by painful stages, but herein lies the occasional margin of error.
"The trial court may be convinced that a doubtful or marginal case would be practically unprovable, and most frequently that could be the net result. We do not apprehend, however, that the denial of summary judgment in such cases would likely result in ultimate miscarriage of justice. There are other stages along the procedural panorama where the court may terminate a case or control its direction, viz., (1) on motion for directed verdict at the conclusion of *220 plaintiff's case, (2) on motion for directed verdict at the conclusion of all the evidence, (3) on motion for a new trial, and (4) on motion for judgment notwithstanding the verdict. There remains also the possibility that further proceedings might bring out added factors which could change the complexion of the case."
Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.
OWEN, J., dissents.