472 So.2d 728 (1985)
CITY OF MIAMI, Petitioner,
v.
Mauricio AMELLER, et al., Respondents.
No. 65267.
Supreme Court of Florida.
July 3, 1985.
Lucia A. Dougherty, City Atty., Gisela Cardonne, Deputy City Atty. and Julia J. *729 Roberts, Asst. City Atty., Miami, for petitioner.
Jose M. Insua and Juan M. Carrera of the Law Offices of Gaston R. Alvarez, Miami, and Jesus F. Bujan of Fleitas & Bujan, Miami, for respondents.
McDONALD, Justice.
We have for review Ameller v. City of Miami, 447 So.2d 1014 (Fla. 3d DCA 1984), which directly and expressly conflicts with Alegre v. Shurkey, 396 So.2d 247 (Fla. 1st DCA 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue here is whether a complaint alleging that the city negligently placed monkey bars in its public park over a hard-packed ground surface states a cause of action.
The third amended complaint alleged that the City of Miami (city) improperly constructed and maintained the monkey bars playground equipment in its public park by failing to use one of the recommended standard cushioning materials under the monkey bars. The third amended complaint charged the city with negligence in violating its own standards, as well as playground industry standards, for the proper ground surface needed beneath such equipment. The trial court dismissed the case, finding that the third amended complaint failed to state a cause of action. The district court reversed, agreeing with Judge Ervin's dissent in Alegre. We agree with the district court that the Amellers' complaint should not have been dismissed with prejudice.[*]
In Alegre the defendants were private landowners who failed to provide an impact-absorbing ground surface under the monkey bars where a neighbor child fell and suffered injuries. The trial court dismissed the complaint for failure to state a cause of action. The Alegre majority affirmed because the complaint failed to allege "that the monkey bar contained latent defects, that it was negligently constructed or operated or that there was any present danger that one of tender years could not readily comprehend." 396 So.2d at 248, quoting from Hillman v. Greater Miami Hebrew Academy, 72 So.2d 668, 669 (Fla. 1954). Judge Ervin dissented from the portion of Alegre applying this "no-duty doctrine" to deprive injured invitees of a jury trial where the risk of injury was patent. 396 So.2d at 251-52.
We agree with the Alegre majority that Hillman required the dismissal of a negligence action against a private landowner whose yard did not have a cushioning ground surface beneath the monkey bars. We see no reason, however, why Hillman and Alegre should protect a municipality or other public agency from liability for the negligent operation of playground equipment. Public safety and welfare demand that a public agency be responsible for meeting its own standards at the very least. The Amellers' third amended complaint charged the city with violating playground industry, as well as its own, standards for the proper cushioning ground surface under the monkey bars. These allegations sufficiently set forth the city's breach of duty to persons using the monkey bars.
Our conclusion does not make the city an insurer of the safety of all who use its free public parks. A municipality does, however, have a duty to maintain its parks in a condition reasonably safe for public use. Lisk v. City of West Palm Beach, 160 Fla. 632, 36 So.2d 197 (1948). That duty does not impose strict liability upon the city in any sense.
Accordingly, we approve the district court's reversing the dismissal of the complaint with prejudice. We remand with instructions to reinstate the Amellers' action if the complaint is amended.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN and EHRLICH, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[*] We note that the poorly drafted third amended complaint fails to allege how Mauricio Ameller was injured. As a bare minimum, a complaint should indicate what happened: this one did not and must be amended before the Amellers can proceed.