493 So.2d 95 (1986)
Earl STEWART, Appellant,
v.
BOHO, INC. and Pubco, Inc. D/B/a Frenchie's Bar and Package Store, Appellees.
No. 85-2662.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
Paul M. Sullivan, Jr., West Palm Beach for appellant.
Lyman H. Reynolds, Jr. and Kenneth W. Moffet of Law Offices of Fleming, O'Bryan & Fleming, P.A., West Palm Beach, for appellees.
WETHERINGTON, GERALD T., Associate Judge.
Appellant, Earl Stewart, plaintiff below, appeals from a summary final judgment in favor of Appellees, Boho, Inc. and Pubco, *96 Inc. d/b/a Frenchie's Bar and Package Store, defendants below, in a personal injury negligence action. We hold that the defendants failed to demonstrate the absence of a genuine issue of material fact on Stewart's claim of negligence and reverse the summary final judgment.
Stewart and his girlfriend arrived at Frenchie's Bar and Package Store around 10:00 p.m. on December 23, 1983, the night before Christmas Eve. Stewart had been a patron of the bar for the previous ten years and was familiar with its layout. After drinking between two and four beers, Stewart began dancing to live music, provided by the defendants, on an area of the floor used by patrons for dancing. This dancing area was immediately adjacent to the entrance door. As Stewart was dancing, he stepped back and tripped over the leg of another dancer. He threw up his arms in an attempt to steady himself while falling backwards and trying to catch his balance on the entrance door. Just then someone opened the entrance door and Stewart fell backwards through the doorway, across a stoop and onto the hood of a truck parked over the stoop immediately outside the doorway. He struck his back and head on the truck, resulting in his alleged injuries.
The entrance stoop was elevated and did not have handrails. The stoop led to the parking area used by patrons of the bar. There were no warning signs concerning using the dance floor near the door. There were no restrictions or regulations laid down by the defendants limiting the number of patrons allowed to use the dance floor at one time.
The principles of law that define a bar owner's responsibility to his patrons are well established. A bar owner owes to his business invitees a duty to maintain his premises in a reasonably safe condition for the purposes for which they are made available. Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla. 1984); Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983).
With respect to the physical condition of the premises, the owner of premises open to the public owes his invitee a duty to warn of latent or concealed dangers which are known or should be known to the owner and not known to the invitee. Waterman v. Graham, 228 So.2d 925 (Fla. 2d DCA 1970), cert. den. 237 So.2d 538 (1970). Where the danger is obvious and apparent or the invitee otherwise has knowledge of the danger which is equal to or superior to the owner's knowledge, the owner has no duty to warn of it. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980); Vermont Mutual Insurance Company v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978).
Where an invitee's knowledge of a dangerous condition will adequately protect him from harm, an owner's duty with regard to the condition is limited to giving a proper warning, where required. The invitee can be expected to protect himself against such risks. However, where the danger is of such a nature that the owner should reasonably anticipate that it creates an unreasonable risk of harm to an invitee notwithstanding a warning or the invitee's knowledge of the danger, then reasonable care may require that additional precautions be taken for the safety of the invitee.[1]Pittman v. Volusia County, 380 So.2d 1192, 1194 (Fla. 5th DCA 1980), citing and quoting from W. Prosser, Law of Torts, 394-395 (4th Ed. 1971) and Restatement of Torts, Second, Sec. 343 A. Concerning such hazards, the owner can be held liable to the invitee for failing to exercise reasonable care, even though the invitee was himself negligent in encountering the known danger, thus subjecting his claim to the defense of comparative negligence. Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 *97 (Fla. 4th DCA 1985); Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980).
In determining whether a jury question was presented on the issue of the defendants' alleged failure to reasonably maintain their premises in accordance with the foregoing requirements of law, we must consider that:
"Negligence cases are extremely troublesome due to the varied factual situations which they present. It has been held that where the case is extremely close on the question of negligence ... doubt ... should always be resolved in favor of a jury trial." Byrnes v. Publix Supermarkets, 272 So.2d 218, 219 (Fla. 4th DCA 1973), quoting from Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651, 652 (Fla. 3d DCA 1961).
With specific reference to the issue of the reasonable forseeability of Stewart's injuries, Florida law embodies a strong preference for the resolution of forseeability issues in negligence cases by a jury. See, e.g., Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980).
The preference for jury determination of negligence issues is also buttressed by the rules governing summary judgments. The party moving for summary judgment must not only show the nonexistence of a genuine issue of material fact; he must do so by proof that is sufficient "to overcome all reasonable inferences which may be drawn in favor of the opposing party." Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966).
Although the record does not contain all of the relevant circumstances surrounding the incident sued upon,[2] the facts and factual circumstances that are shown do not preclude the possibility that a jury, presented with all of the relevant circumstances, could reasonably find that the defendants were negligent in permitting Stewart, who had consumed between two and four beers, to dance close to the entrance door near the front of a parked truck, notwithstanding Stewart's general familiarity with defendants' bar and the surrounding circumstances when the incident occurred.
The defendants have, therefore, failed to demonstrate the absence of any genuine issue of material fact on Stewart's claim of negligence. For this reason, the summary final judgment in favor of defendants is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] The plaintiff is not required to prove that the exact nature and extent of his injuries or the precise manner in which they occurred were foreseeable. It is sufficient for him to prove that the defendants were able to foresee that some injury [would] likely result in some manner as a consequence of [their] negligent acts." Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981), rev. denied, 411 So.2d 380 (1981).
[2] Such circumstances as the number of patrons on the dance floor, the frequency with which the entrance door was used, and the exact distances between where Stewart was dancing and the entrance door and between the entrance door and the parked truck are not reflected in the record.