PER CURIAM.
This is an appeal by the plaintiff Barbara Mazyck, individually, and as personal representative of the estate of Jamone Williams, from an adverse final summary judgment entered in a wrongful death action brought against the defendant Caribbean Lawn, Inc. We reverse.
It appears from the record that the plaintiffs decedent, a minor, was killed while playing a game of hide-and-seek in an area of a public housing project where children frequently play. The plaintiffs decedent fell while attempting to climb an umbrella tree and became impaled on a “spear-like” protrusion in a shrub beneath the tree. There is evidence that the defendant, a lawn maintenance company, was hired by Metropolitan Dade County to service the grounds where this accident occurred so “as to provide maximum safety to the public”; that the “spear-like” protrusion in the subject shrub had been shaved or cut back by the defendant or a third party and was not in its natural state; that shortly before the subject accident a neighbor had shown the protrusion to an employee of the defendant, complained that the protrusion was dangerous, and asked that the employee cut the branch down to eliminate the protrusion; and that the defendant’s employee refused to do so.
Based on this record, which admittedly is susceptible of conflicting inferences, a jury could find that (1) there was a dangerous non-natural condition in the subject shrub which the defendant either created or was contractually bound to correct; (2) the defendant refused to correct this dangerous condition when it was specifically called to its attention; and (3) it was foreseeable that a child might be injured by the dangerous condition while playing around the shrub where children frequently played. See Cockerman v. R.E. Vaughan, Inc., 82 So.2d 890 (Fla.1955); Maryland Maintenance Serv., Inc. v. Palmieri, 559 So.2d 74, 76 (Fla. 3d DCA), rev. denied, 574 So.2d 142 (Fla.1990); Haynes v. Lloyd, 533 So.2d 944 (Fla. 5th DCA 1988); Hannabass v. Florida Home Ins. Co., 412 So.2d 376, 377 (Fla. 2d DCA 1981). We agree that the exact manner in which this accident happened might not have been foreseeable, but that is not required in order to impose liability on the defendant so long as it was foreseeable that a child might be injured in some way by the “spear-like” protrusion while playing in the area. Stevens v. Jefferson, 436 So.2d 33, 35 (Fla.1983) (quoting Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981)); Tieder v. Little, 502 So.2d 923 (Fla. 3d DCA), rev. denied, 511 So.2d 298 (Fla.1987) and, rev. denied sub nom., University of Miami v. Tieder, 511 So.2d 300 (Fla.1987). In any event, genuine issues of material fact are at the very least raised by this record on these issues, thereby making a summary judgment for either party singularly inappropriate. Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Unlike the defendant landowners in Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA), rev. denied, 407 So.2d 1102 (Fla.1981) and Meyer v. Torrey, 452 So.2d 672 (Fla. 2d DCA 1984), there is evidence that the defendant in this case was on actual notice of a non-natural, dangerous condition which foreseeably led to the death of the plaintiff’s decedent, a condition which it either created or was contractually bound to correct. We do not believe that a landowner or a lawn maintenance company, as here, can refuse to correct a dangerous condition on land for which it is responsible when that danger is expressly called to its attention — and then escape all liability as a matter of law when that dangerous condition foreseeably results in injury to another.
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings.
HUBBART and COPE, JJ., concur.