591 So.2d 971 (1991)
Emmitt MILLER, Appellant/Cross-Appellee,
v.
James WALLACE, Appellee/Cross-Appellant.
No. 90-1616.
District Court of Appeal of Florida, Fifth District.
December 12, 1991.
Rehearing Denied January 23, 1992.
*972 W. David Rogers, Jr., of Rogers, Dowling and Fleming, Orlando, for appellant/cross-appellee.
Ronald H. Watson, of Merritt and Watson, P.A., Eustis, for appellee/cross-appellant.
ANTOON, J., Associate Judge.
James Wallace was injured when the branch of an orange tree growing on property of Emmitt Miller came through the open window of the truck he was driving, striking him in the eye. Wallace sued Miller, alleging negligence in failing to warn him of the danger and in failing to prune or remove the trees. Miller moved for summary judgment prior to trial and for directed verdict at the end of the plaintiff's case and again at the close of the evidence. These motions were denied and a jury verdict was returned in favor of Wallace. Miller now appeals, arguing plaintiff's evidence was legally insufficient to go to the jury and that the trial court erred in not granting the motions for summary judgment and directed verdict. We agree and reverse.
The property in question is located in Sumter County. It is half pasture land and half wooded with oak and citrus trees. The citrus trees were freeze-damaged resulting in sour root growth of limbs with large thorns. Miller hired Wallace to maintain the property, mend fences, and feed cattle, in return for which Wallace was allowed to live on the property. Although he was not instructed to drive through the trees in order to feed the cattle, Wallace would sometimes do so, following a particular route he established, using Miller's pickup truck to drop bales of hay. He admitted that on these occasions the sour root growth would slap the sides of the truck and windows. He testified:
Q. Did you have any idea that you were going to get hit and hurt by any of the orange trees?
A. No, sir. I anticipated it and rolled my window up to make sure. (emphasis added)
Wallace testified that he was very familiar with sour root growth, including the fact that it has dangerous thorns. There was no evidence that Miller knew Wallace was driving through the trees to feed the cattle or, indeed, that Wallace was using the truck to feed them. Miller visited the property once or twice a week but never received any complaints regarding the citrus trees nor any request that they be pruned or removed.
Defendant argues that the trial court erred in not granting his motions for summary judgment and directed verdict because 1) the dangerous condition created by the freeze-damaged citrus was known and obvious, and the plaintiff's knowledge of the danger was superior to that of the defendant, and 2) the defendant maintained his property in a reasonably safe condition under the circumstances and had no duty to correct the growth of limbs by pruning the trees or removing them.
*973 As stated by this court in Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), the two basic duties owed by a landowner to invitees are:
1) to use reasonable care in maintaining the premises in a reasonably safe condition; and
2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.
The mere occurrence of an accident does not give rise to an inference of negligence. Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981). Rather, an invitee who is injured by a dangerous condition on a landowner's premises must prove that the landowner breached one of the above duties to recover.
As to the first basis of liability, an owner has no duty to warn where the danger is obvious and apparent, or the invitee otherwise has knowledge of the danger which is equal to or superior to the owner's knowledge. Stewart v. Boho, Inc., 493 So.2d 95 (Fla. 4th DCA 1986). The uncontradicted record in this case establishes that the defendant was unaware of the plaintiff's practice of driving through the trees to feed the cattle, and that the plaintiff himself was fully aware of the danger of driving through the thorny branches. The plaintiff's knowledge was, if anything, superior to that of the defendant, and therefore plaintiff could not recover from defendant based upon a theory of failure to warn. Storr v. Proctor, 490 So.2d 135 (Fla. 3d DCA 1986).
Relying on Pittman v. Volusia County, Wallace argues that even if he had actual knowledge of the danger created by the trees, Miller nonetheless breached his duty to maintain his property in a reasonably safe condition. An owner is subject to liability for not taking additional precautions for the safety of the invitee when the danger is such that the owner should reasonably anticipate that it creates an unreasonable risk of harm to an invitee notwithstanding a warning or the invitee's knowledge of the danger. Stewart v. Boho, Inc., 493 So.2d at 96. The defendant must be chargeable with actual or constructive knowledge of a danger. Pittman v. Volusia County, 380 So.2d at 1195. A landowner is not required to take measures to avoid a danger which circumstances as known to him to not suggest as likely to happen. Cassel v. Price. Whether a condition on the premises is likely to present a danger to an invitee will be largely dependent on the nature of the operations or activities of the invitee when he encounters it. If the owner has no reason to know of the activities of the invitee which expose the invitee to the danger, he cannot reasonably anticipate the danger, and therefore cannot take the steps necessary to protect the invitee.
With the foregoing in mind, Pittman is distinguishable from the present case. In Pittman, the plaintiff had actual knowledge of a foreign substance which had remained on the steps of a public building for approximately six hours prior to the plaintiff's slipping on it and falling. The defendant had constructive knowledge of the substance. Most importantly, however, for the purposes of this case, the defendant knew or should have known that the presence of such a substance created an unreasonably dangerous condition because it knew the stairs were regularly trafficked by the public.
In the present case, the defendant had actual or at least constructive knowledge of the sour root tree growth on his property. However, the sour root growth was not, in and of itself, a danger to anyone. It was the conduct of the plaintiff in driving through it which made it so. The record is devoid of any evidence that the defendant knew or should have known of the plaintiff's practice of driving through the trees. Therefore, there was no evidence that a jury could have used to find that the defendant could have reasonably anticipated the danger to the plaintiff presented by the sour root growth.
While it is true that issues of negligence are ordinarily questions of fact to be decided by a jury when reasonable men *974 might arrive at different conclusions, where the facts point to only one possible conclusion, the issues become questions of law to be resolved by the court. Cassel v. Price. We find that no view of the facts presented affords a reasonable conclusion that the defendant was negligent.
The appellee cross-appealed the trial court's denial of his motion for sanctions, pursuant to section 45.061. This ruling is affirmed. Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990).
AFFIRMED in part; REVERSED in part.
COWART and PETERSON, JJ., concur.