DAUKSCH, Judge,
dissenting.
I respectfully dissent.
This is an appeal from an order granting a new trial in a personal injury case. The reason the new trial was granted was because the judge disagreed with the jury’s apportionment of negligence against each of the parties.
The evidence, as taken from the trial judge’s order granting a new trial, was as follows:
The facts of this case are relatively simple. The Plaintiff came into the Defendant’s business establishment and sat down in a chair next to a small table. She casually observed a thick glass ashtray sitting next to the edge of the table. She placed her purse on the table and reviewed a document the print shop had prepared for her. As she got up from her chair, she picked up her purse and caused the ashtry [sic] to fall on the hard floor and break and cut her foot.
While acknowledging the standard of review is in favor of the sound discretion of the trial judge, I am of the opinion that the evidence taken in a light most favorable to the verdict is such that the verdict should be left undisturbed.
Appellant was in the print shop to pick up the resumes she ordered from appellee. She was a business invitee. The standard of care owed a business invitee is for the owner of the premises to use reasonable care in protecting the invitee from injury on the premises. Miller v. Wallace, 591 So.2d 971 (Fla. 5th DCA 1991); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). This would include maintaining the premises in a reasonably safe condition. Here, appellee had a heavy, slippery glass ashtray on a slippery tabletop with a stack of magazines next to the chair provided for appellant to sit on. It was reasonably foreseeable by appel-lee that persons like appellant would put a purse on the table and that the chain of events which led to appellant’s injuries would occur. Appellee could have, and the jury and I say should have, provided a plastic ashtray or a non-slippery table and ashtray or taken some of many other alternatives to the dangerous conditions created by appellee. The jury could have reasonably and lawfully found that appellee was aware of the dangerous situation, that the conditions were such that appellant was not aware of the dangerous conditions and thus its verdict should be respected.
The jury looked at the evidence and decided appellee was 90% negligent and the trial judge thought appellant was 90% negligent. I suggest it is for juries to decide the degree of negligence, based upon the facts and it is not for the judge to sit as a seventh juror to impose his view. Skopit v. Neisen, 616 So.2d 505 (Fla. 3d DCA 1993); McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988). After all, if it was appellant who was so negligent, why give her a new trial? Just give the defen *492 dant a judgment notwithstanding the verdict rather than require appellant to go back and try it again, and perhaps get another favorable verdict. What if the verdict is again 90-10 for appellant? Another trial? How about 70-30? Fifty-fifty?
I would reverse the order granting a new trial and reinstate the verdict.