ERVIN, Judge.
Appellant Vicki Paul, the plaintiff-invitee below in a premises liability action, appeals from the entry of summary judgment in favor of defendant-appellee, Sea Watch of Panama City Beach, Inc. We reverse, because genuine issues of material facts remain for resolution.
The record reflects that Paul and a companion visited Club La Vela in Panama City Beach, Florida, in August 1989, where patrons were offered unlimited beer refills in exchange for a $5 entrance fee, and were provided as entertainment an all-male dance review. Following her admission, Paul was seated on a tall bar stool next to a high, round table located on the elevated floor of the bar area immediately adjacent to the stage. During the performance, she attempted to place a tip in the necktie of one of the dancers, but, upon being unable to do so, she handed the money to him.. The dancer took her hand and, while holding it, turned away, causing Paul to fall from the stool onto the lower-level stage, resulting in a broken arm which later required surgery.
Paul sued Sea Watch, the owner of Club La Vela, alleging that her injuries stemmed from defendant’s negligence in allowing an unsafe and dangerous condition to exist at the club, specifically a “drastic drop-off of the *667 floor in the area proximate to the stage where live entertainers were performing” and “by allowing unsafe seating conditions.” Sea Watch moved for summary judgment, asserting that (1) the change in elevation was an obvious condition of which plaintiff was aware; (2) plaintiff fell when she lost her balance while tipping the dancer; and (3) even if the dancer was negligent in the manner in which he accepted the tip, his negligence could not be imputed to the defendant, because the performer was not an employee of the defendant, but rather an independent contractor. The court simply granted the motion without stating the basis for its decision.
In Florida, a landowner owes two duties to an invitee: (1) to warn the invitee of concealed dangers which are or should be known to the owner but which the invitee cannot discover through the exercise of due care, and (2) to keep its property in reasonably safe condition. See, e.g., Blankenship v. Roths, 634 So.2d 300 (Fla. 1st DCA 1994); Skipper v. Barnes Supermarket, 573 So.2d 411 (Fla. 1st DCA 1991); Miller v. Wallace, 591 So.2d 971 (Fla. 5th DCA 1991); Levy v. Home Depot, Inc., 518 So.2d 941 (Fla.3d DCA 1987). Initially, we agree with Sea Watch that it had no duty to warn Paul of the difference in elevation of the floors in that such difference does not create a dangerous condition unless it is concealed, and the evidence is clear that the condition was patent. See Casby v. Flint, 520 So.2d 281 (Fla.1988); Schoen v. Gilbert, 436 So.2d 75 (Fla.1983); Aventura Mall Venture v. Olson, 561 So.2d 319 (Fla. 3d DCA), review denied, 574 So.2d 142 (Fla.1990). Our conclusion in this regard, however, does not necessarily absolve the Sea Watch from all liability in that we consider a question remains whether it, as the owner of the premises, allowed a dangerous condition to exist through its policy of condoning its patrons’ consumption of unlimited alcohol and permitting contact between the entertainers and the patrons who were seated on high stools immediately next to an elevated dance floor. We therefore reverse the summary judgment insofar as it relates to the issue of whether Sea Watch breached its duty of maintaining its property in a reasonably safe condition.
In reaching our decision, we consider the instant case to be factually similar to Stewart v. Boho, Inc., 493 So.2d 95 (Fla. 4th DCA 1986), in which the court reversed a summary judgment in favor of the owners of a bar. There the plaintiff, a frequent customer who was familiar with the bar’s layout, was injured during a dance, after tripping over the leg of another patron, and, while attempting to steady himself while stumbling backwards, fell through an open doorway, across a stoop and onto the hood of a truck. In reversing, the Fourth District reiterated the two duties an owner of premises owes to an invitee, and, while acknowledging that the owner had no duty to warn of an obvious or apparent danger, ie., the fact that the entrance stoop was elevated and did not have handrails, the court continued that if the danger is of such a nature that the owner should reasonably anticipate that it constitutes an unreasonable risk of harm to an invitee, notwithstanding the invitee’s knowledge of the danger, its duty of reasonable care may require the owner to take additional precautions for the safety of the invitee. Id. at 96. The court concluded that a genuine issue of disputed fact remained regarding whether the owner had used ordinary care in keeping the premises in a reasonably safe condition in that a jury could reasonably find thát the defendants were negligent in permitting the invitee, who had consumed a number of beers, to dance close to the entrance near the front of the parked truck, notwithstanding his general familiarity with the bar. Id. at 97.
The court below may have alternatively decided to grant summary judgment on Sea Watch’s third ground, by concluding that any negligence was solely the act of an independent contractor, which could not be imputed to the owner. If so, this was error. Although the general rule recognizes that an owner cannot be liable under such circumstances, there are numerous exceptions to the rule. See Peairs v. Florida Publishing Co., 132 So.2d 561, 564-65 (Fla. 1st DCA 1961). The exception applicable to this case is that a landowner who has knowledge of a dangerous condition created by the independent contractor and who fails to stop or correct the operation may be liable for inju- *668 ríes to a third party.[1] Id. at 565. This exception is stated as follows:
In the presence of a known danger, the fact that a dangerous condition was created or partially caused by an independent contractor will not shield an employer/landowner from legal liability, if the employer/landowner was negligent in failing to take sufficient precautions to alleviate the dangerous situation.
Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967, 968 (Fla.1977) (emphasis added) (footnote omitted). Accord Maule Indus. v. Messana, 62 So.2d 737, 739 (Fla.1953); Windham v. Florida Dep’t of Transp., 476 So.2d 735, 741 n. 9 (Fla. 1st DCA 1985), review denied, 488 So.2d 69 (Fla.1986); Otey v. Florida Power & Light Co., 400 So.2d 1289, 1291 (Fla. 5th DCA 1981), review denied, 412 So.2d 465 (Fla.1982).
The above rule is stated in section 415 of the Restatement (Second) of Torts (1965) as follows:
A possessor of land who holds it open to the public for any purpose is subject to liability to members of the public entering for that purpose for physical harm caused to them by his failure to exercise reasonable care to protect them against unreasonably dangerous activities of, or unreasonably dangerous conditions created by, an independent contractor or concessionaire employed or permitted to do work or carry on an activity on the land.
Comment (b) applies particularly to independent contractors who provide entertainment on the premises of the landowner:
Where such a concession is operated upon land retained in the possession or control of the possessor, he has a duty to exercise reasonable care to see that the equipment, methods and activities of the concessionaire involve no unreasonable risk of physical harm to those whom he invites to enter.
Consequently, because of Paul’s general allegation of unsafe seating conditions, Sea Watch needed to establish for summary judgment purposes not only that the dancer in question was an employee of an independent contractor, but also that there was no material dispute of fact that Sea Watch had exercised reasonable care to protect its invitees from the unreasonable risk of physical harm that may have been caused by the conduct of the employees of the independent contractor. As Sea Watch failed to satisfy, on this record, the latter duty, the summary judgment is reversed and the case remanded for further proceedings.
REVERSED and REMANDED.
KAHN, J., and REYNOLDS, GEORGE III, Associate Judge, concur.

. This doctrine is different from the exception applicable to inherently dangerous or hazardous activities, wherein a landowner has a nondelega-ble duly to third persons to use reasonable care in contracting for the performance of such work. Windham v. Florida Dep’t of Transp., 476 So.2d 735, 741 n. 9 (Fla. 1st DCA 1985), review denied, 488 So.2d 69 (Fla.1986); Peairs v. Florida Publishing Co., 132 So.2d 561, 566 (Fla. 1st DCA 1961).