COBB, Judge.
The appellant, the personal representative of the Estate of Jeffrey Raymond Andrews, deceased, was the plaintiff below in a wrongful death action against CSX Transportation, Inc. (CSX) and Florida Power & Light Company (FPL). Andrews was killed when the tractor-trailer rig he was operating was struck by a CSX train at a crossing of a railway track and a private single lane road over which FPL had an easement for access to its power plant in Southeast Volusia County.
Based on the pleadings and evidence presented to the trial court, it entered a summary final judgment for both defendants. We affirm the judgment for FPL because there is no evidence, absent the stacking of conjectural inferences, that it was guilty of *68 any causative negligence. See Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla. 1961).
The plaintiffs theory was that FPL created a “trap” for Andrews forcing him to back his rig across the track because of the unavailability of the code number of an FPL phone at a road gate outside the plant, which would have connected him to a Duty Officer who could have electronically opened the gate, thereby providing Andrews a turnaround space. This theory is refuted by plaintiffs own evidence, a Homicide Report which was considered, without objection, at the summary judgment hearing. That Report conclusively establishes that Andrews actually used the phone to call the Duty Officer, who told him he was at the wrong gate and directed him to the correct area. The call was reflected in the Duty Officer’s log, according to the Homicide Report.[1] The unrebutted evidence was that this phone system previously had been used by FPL to allow vehicles to turn around inside the gate, thus negating the concept of a “trap.” There is no evidence (and, indeed, no claim) that Andrews requested, and was denied, this accommodation. The only evidence in this regard was that when such assistance was requested, it was granted.
On the other hand, we must reverse the summary final judgment in favor of CSX for the simple reason that it affords more relief than was sought by CSX at the summary judgment hearing below. See City of Cooper City v. Sunshine Wireless Company, Inc., 654 So.2d 283 (Fla. 4th DCA 1995). CSX moved for a partial summary judgment on the sole issue of its liability vel non due to obstruction of the view of Andrews by heavy vegetation beside the track between the truck tractor and the train prior to impact. CSX did not seek summary judgment on any of the other claims of negligence against it. Because the evidence was manifestly clear that the vegetation beside the track near the crossing was not a proximate, foreseeable cause of this crash, irrespective of the legal status (trespasser, licensee or invitee) of Andrews, the trial court properly should have entered the partial summary judgment sought by CSX. See Miller v. Wallace, 591 So.2d 971 (Fla. 5th DCA 1991).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PETERSON, C.J. and THOMPSON, J., concur.

. Neither of the plant’s two operators who were on duly and would have taken the call from Andrews was deposed by the plaintiff.