GREEN, Judge.
In this premises liability action, Douglas Arauz appeals a directed verdict entered in favor of the landowner, appellee, Maybelline Truesdell. We affirm.
Arauz, a hurricane shutter installer, was hired by Truesdell to install storm shutters at her home. Upon their arrival at Trues-dell’s home, Truesdell showed Arauz and the other installers a backyard shed where the 18 gauge steel shutters could be temporarily housed during the installation process. The shed area was somewhat cluttered and there was some debris on the floor, but Truesdell cleared an area for storage of the shutters.
Prior to the accident in question, Arauz had made approximately 50 to 55 trips to the storage shed to retrieve shutters. During this entire process, Arauz never complained to Truesdell or anyone else that there was insufficient room to maneuver in nor did he notify anyone that the shed was an unsafe workplace. At the time of the accident, Arauz was in the shed attempting to retrieve a particular shutter from a stack of 100 shutters. He pulled back and took the weight of approximately 50 shutters as he attempted to reach the desired panel from the stack. Arauz was attempting to counter balance the load with his weight when he felt the stack shift towards him. Arauz took a step backwards to leverage the weight of his body against the shifting panels. As he stepped back, he stepped on some debris, lost his balance and fell. As a result, he became buried under the stack of the fallen storm shutters and was injured when the sharp edges of the shutters pierced his arm. It was undisputed that Truesdell had no knowledge of the manner in which Arauz retrieved a particular panel in the shed.
At the close of Arauz’s ease in chief at trial, the lower court directed a verdict in favor of Truesdell finding that the condition of the shed was so open and obvious that Truesdell had no duty to warn Arauz as a matter of law. Arauz argues on this appeal that although Truesdell admittedly may not have had a duty to warn of the open and *874 obvious condition of the shed, she nevertheless had a duty to maintain the shed in a reasonably safe condition. He therefore asserts that the directed verdict was error.
The law is clear that there are two basic duties owed by a landowner to invitees: 1) to use reasonable care in maintaining the premises in a reasonably safe condition; and 2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. See La Villarena, Inc. v. Acosta, 597 So.2d 336, 337 (Fla. 3d DCA 1992); Miller v. Wallace, 591 So.2d 971, 973 (Fla. 5th DCA 1991). A landowner, however, is not obligated to warn of an open and obvious danger. See Schoen v. Gilbert, 436 So.2d 75, 76 (Fla.1983)(no duty to issue warning of such condition when it is obvious and not inherently dangerous); Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207, 1208 (Fla. 5th DCA 1990)(“Some conditions are simply so open and obvious, so common and so ordinarily innocuous, that they can be held as matter of law to not constitute a hidden dangerous condition.”). Although Arauz concedes that Truesdell did not have a duty to warn of the open and obvious condition of the shed, he argues that this did not relieve her of the additional duty to protect him from a dangerous condition on her premises.
Arauz is correct that an owner is subject to liability for not taking additional precautions for the safety of an invitee when the danger is such that the owner should reasonably anticipate that it creates an unreasonable risk of harm to an invitee notwithstanding a warning or the invitee’s knowledge of the danger, Miller, 591 So.2d at 973. However, “[w]hether a condition on the premises is likely to present a danger to an invitee will be largely dependent on the nature of the operations or activities of the invitee when he encounters it”. Id. “If the owner has no reason to know of the activities of the invitee which expose the invitee to the danger, he cannot reasonably anticipate the danger, and therefore cannot take the steps necessary to protect the invitee.” Id.[1] While Truesdell may have had actual or constructive notice of the debris, the debris was not, in and of itself, a danger to anyone. It was the conduct of Arauz in retrieving a panel in a particular manner which made it so. The record is devoid of any evidence that Trues-dell knew or should have known of Arauz’s method of retrieving the panels. Thus, we conclude that Truesdell breached no duty of care to Arauz and the directed verdict in her favor was correct as a matter of law. See Westchester Exxon v. Valdes, 524 So.2d 452, 455 (Fla. 3d DCA 1988) (when a defendant’s conduct is measured against the standards of the landowner’s obligations and it is clear that she has not breached a duty owed to the invitee, a directed verdict is proper); see also Vermont Mut. Ins. Co. v. Conway, 358 So.2d 123, 124 (Fla. 1st DCA 1978) (landowner not liable were it was not foreseeable that house painter would place ladder on wet driveway and fall, wet driveway was not a danger).
Affirmed.

. But compare Mazyck v. Caribbean Lawn, Inc., 587 So.2d 573, 574 (Fla. 3d DCA 1991), holding that lawn maintenance company, who was put on notice that "spear-like” protrusion in shrub was dangerous, cannot escape liability when that condition forseeably results in injury to another although exact manner in which injury occurred may not have been foreseeable. See also Crislip v. Holland, 401 So.2d 1115, 1117-18 (Fla. 4th DCA) (landowner, who was aware that spike in utility pole created safety hazard, could reasonably foresee injuries sustained by plaintiff even though precise manner of injury not foreseeable), rev. denied sub nom., City of Port Pierce v. Crislip, 411 So.2d 380 (Fla.1981).