ERVIN, J.
This is an appeal from a final summary judgment entered in a premises liability action which determined that appellee, City of Neptune Beach, owed no duty of care to appellant Terri Cusick, the parent of Tommy Cusick, a minor child who had fallen from a tree in a city-owned public park onto a bench underneath the tree and sustained serious injuries. We disagree with the lower court’s decision, and reverse and remand.
The salient facts are recited in the summary judgment order as follows:
(A) The Defendant owned and maintained a park that was open to members of the public, including the minor Plaintiff.
*176 (B) A large tree was in the park. The Defendant placed a common style park bench beneath the tree prior to August 5,1998.
(C) Prior to August 5, 1998, the Defendant knew that children, including the minor Plaintiff, repeatedly climbed the tree. There is evidence that prior to August 5, 1998 an effort had been made to construct a “fort” like structure in the tree and boards had been nailed onto the tree to facilitate climbing.
(D) At least one of the Defendant’s employees, prior to August 5, 1998, was of the opinion that the bench posed a hazard to a child should the child fall from the tree. He expressed those concerns to his superiors who had authority to remove the bench and recommended that the bench be removed from underneath the tree. The bench was not removed.
(E) On August 5, 1998, the minor Plaintiff, who was approximately eight (8) years old, fell from the tree, struck the bench while falling, and sustained injuries as a result of striking the bench.
(F) There is no evidence that a child fell and struck the bench prior to August 5, 1998.
The lower court correctly recognized that the issue to be decided was “whether the Defendant breached a duty owed to the Plaintiff by failing to remove the bench once it had notice that children were climbing the tree and that a child who climbed the tree would likely be injured as a result of striking the bench.” In deciding that no such duty was owed, the lower court concluded that the case was controlled by Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), which held that summary judgment was appropriately granted to a private church school because the school had no responsibility to plaintiffs for the death of one of the defendants’ students who fell from a tree on school grounds. The City in particular relies on the following passage from Cassel:
Hard-packed earth, rocks, and projecting or sparsely buried roots from the tree itself abound in nature. It is also a fact of life that innumerable objects are commonly found under trees. Fixed objects such as flower gardens with brick borders, rock gardens, curbs, driveways, sidewalks, fences, benches, and, particularly in play areas, moveable objects such as lunch boxes, roller skates, baseball bats and bicycles. The consequences of a fall of sufficient height from any tree, particularly if a vital part of the body such as the head strikes the ground, can be disastrous, as in the present case, without negligence or fault of any kind on the part of any other person. To impose upon the landowner the duty to anticipate and guard against the consequences of a falling child striking a hard ground surface, or some hard object on the surface of the ground, particularly in the absence of actual notice or knowledge of injuries produced by the same circumstances on the owner’s premises in the past, would impose an unreasonable and prohibitively burdensome duty upon the owner which we find no justification in the law to impose.
Id. at 264-65 (emphasis added).
Implicit throughout the opinion was the assumption that if the court were to rule otherwise, the owner would be made the virtual insurer of the safety 'of children who were permissively on the church’s property. A superficial reading of the above language, moreover, suggests that property occupiers owe no duty whatsoever to anyone injured by falls from trees, regardless of the possessors’ prior knowledge of hazardous conditions. We decline, however, to read Cassel so broadly. Elsewhere the opinion intimates that the owner or possessor could be held accountable if the evidence revealed that he or she was aware that others had suffered similar accidents. Id. at 266. In the case on review, as in Cassel, there is no such evidence. Nevertheless, Cassel involves one important distinguishing factor not present in *177 the case at bar:. The increased hazard to which the child there was exposed, a piece of concrete rock, was partially concealed by a covering of dirt; hence, the enhanced risk of injury was neither known or obvious to either the possessor of the land or its invitees, differing from the situation before us, in which the hazard, a park bench, was clearly obvious to both the City and its invitees alike. Consequently, we are not bound by the holding in Cassel, because the doctrine of stare decisis applies a rule of law established in an earlier case only to a later case that involves a factual situation similar to that in the former. Forman v. Florida Land Holding Corp., 102 So.2d 596 (Fla.1958).
It is also interesting to note that one day before this court filed its opinion in Cassel, we decided Alegre v. Shurkey, 396 So.2d 247 (Fla. 1st DCA 1981), holding that private, residential landowners owed no duty of care to a child who had been injured following a fall from monkey bars onto “hard packed earth.” Although Alegre upheld the denial of liability, it is nonetheless important to our decision, because its subsequent history reveals that public possessors of land owe a greater duty of care to invitees than private occupiers. In Alegre the dissent argued that the adoption of comparative negligence in Florida by Hoffman v. Jones, 280 So.2d 431 (Fla.1973), superseded the former doctrine of no duty, as applied to patent hazards, and that Florida courts had been inconsistent in applying the no-duty doctrine in situations involving obviously dangerous conditions. Alegre, 396 So.2d at 250 (Ervin, J. dissenting). The dissent pointed out that Section 340 of the Restatement of the Law of Torts had formerly approved the common law rule exempting landowners from any duty of care for bodily harm suffered on their property by licensees, despite the owners’ knowledge of the condition and recognition of the risk involved. Section 340 was superseded by Section 343A, which provided, in part:
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. ([Ejmphasis supplied[.])
The dissent continued:
Comment f to Section 343A explicitly states that the occupier is not absolved from any duty owed to an invitee merely because the risk is patent. Note the following: “[T]he fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk_ It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.” An evergrowing number of cases have adopted the provisions of Section 343A. See cases cited, Annot., 33 A.L.R.3d 230, 254-262, s 4[c] (1971). Additionally, an evergrowing number of Florida district courts of appeal opinions post-dating Hoffman and Blackburn [v. Dorta, 348 So.2d 287 (Fla.1977) ] have held that the obviousness of a dangerous condition is an issue of comparative negligence and is not an absolute bar to either an invitee’s or a tenant’s recovery.
Alegre, 396 So.2d at 251.
In 1984, the Third District Court of Appeal, in Ameller ex rel. Ameller v. City of Miami, 447 So.2d 1014 (Fla. 3d DCA 1984), adopted the rationale of the dissent in Alegre and reversed the dismissal of a complaint which had alleged liability on the part of the City in allowing the ground in one of its public parks to remain hard-packed under an erected set of monkey bars from which a child fell, resulting in injury. On review, the Florida Supreme Court approved the decision of the Third District, insofar as it was applied to municipalities and other public agencies, but refused to extend liability “against a private landowner whose yard did not have a cush *178 ioning ground surface beneath the monkey bars.” City of Miami v. Ameller, 472 So.2d 728, 729 (Fla.1985).[1] The court concluded with the following observations:
We see no reason, however, why Hillman [v. Greater Miami Hebrew Academy, 72 So.2d 668 (Fla.1954) ] and Alegre should protect a municipality or other public agency from liability for the negligent operation of playground equipment. Public safety and welfare demand that a public agency be responsible for meeting its own standards at the very least. The Amellers’ third amended complaint charged the city with violating playground industry, as well as its own, standards for the proper cushioning ground surface under the monkey bars. These allegations sufficiently set forth the city’s breach of duty to persons using the monkey bars.
Our conclusion does not make the city an insurer of the safety of all who use its free public parks. A municipality does, however, have a duty to maintain its parks in a condition reasonably safe for public use.

Id.

A number of cases following the supreme court’s decision in Ameller have blurred the distinction between the duty owed invitees by public and private owners, and instead have emphasized the provisions of section 343A of the Restatement in different factual contexts, thereby allowing plaintiffs to survive defense motions seeking termination of the litigation. See Ahl v. Stone Southwest, Inc., 666 So.2d 922 (Fla. 1st DCA 1995); Regency Lake Apartments v. French, 590 So.2d 970 (Fla. 1st DCA 1991); Stewart v. Boho, Inc., 493 So.2d 95 (Fla. 4th DCA 1986). In Stewart, the Fourth District reversed summary judgment in favor of a bar patron who was injured as a result of injuries he suffered while on the bar’s premises, notwithstanding the existence of an obvious dangerous condition. In its opinion, the court made the following observations:
Where an invitee’s knowledge of a dangerous condition will adequately protect him from harm, an owner’s duty with regard to the condition is limited to giving a proper warning, where required. The invitee can be expected to protect himself against such risks. However, where the danger is of such a nature that the owner should reasonably anticipate that it creates an unreasonable risk of harm -to an invitee notwithstanding a warning or the invitee’s knowledge of the danger, then reasonable care may require that additional precautions be taken for the safety of the invitee. Pittman v. Volusia County, 380 So.2d 1192, 1194 (Fla. 5th DCA 1980), citing and quoting from W. Pros-ser, Law of Torts, 394-395 (4th Ed.1971) and Restatement of Torts, Second, Sec. 343 A. Concerning such hazards, the owner can be held liable to the invitee for failing to exercise reasonable care, even though the invitee was himself negligent in encountering the known danger, thus subjecting his claim to the defense of comparative negligence.
*179 Stewart, 493 So.2d at 96 (footnote omitted; emphasis added).
In at least one Florida case, the above rule has been specifically applied to injuries resulting from falls from trees. See Mazyck v. Caribbean Lawn, Inc., 587 So.2d 573 (Fla. 3d DCA 1991) (child playing hide-and-seek was killed after falling on a spear-like protrusion that a lawn service had created on a shrub beneath a tree that the lawn service knew children climbed). There the court, as had the Fourth District in Stewart, emphasized that the defendant was on actual notice of the existence of a non-natural, dangerous condition which it had itself created or was bound to correct. The court concluded with the observation that the possessor of land cannot “refuse to correct a dangerous condition on land for which it is responsible when that danger is expressly called to its attention — and then escape all liability as a matter of law when that dangerous condition foreseeably results in injury to another.” Id. at 574.
We see no reason why the same rule should not be extended to the City of Neptune Beach. The City was clearly on notice that children frequently climbed the tree whose limbs overhung the park bench on which appellant’s child fell and was injured. As in Stewart, the City’s supervisor had in fact received notice from one of the employees concerning the dangerous nature of the condition which the City had itself created, yet he deliberately elected to take no corrective action.
Because the City has failed to demonstrate the absence of any genuine issue of material fact on Cusick’s claim of negligence, the summary judgment in favor of defendant is reversed and the case is rer manded for further consistent proceedings.
REVERSED and REMANDED.
VAN NORTWICK and BROWNING, JJ., CONCUR.

. The elevated standard of care owed to invitees by owners of public land has also been recognized in comment g to section 343A, subsection (2), of the Restatement:
In determining whether the possessor of land should expect harm to invitees notwithstanding the known or obvious character of the danger, the fact that premises have been held open to the visitor, and that he has been invited to use them, is always a factor to be considered, as offering some assurance to the invitee that the place has been prepared for his reception, and that reasonable care has been used to make it safe. There is, however, a special reason for the possessor to anticipate harm where the possessor is a public utility, which has undertaken to render services to members of the public, so that they are entitled to demand the use of its facilities, and to expect reasonable safely while using them. The same is true of the government, or a government agency, which maintains land upon which the public are invited and entitled to enter as a matter of public right. Such defendants may reasonably expect the public, in the course of the entry and use to which they are entitled, to proceed to encounter some known or obvious dangers which are not unduly extreme, rather than to forego the right.